**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**Case No. 12-cv-60016-KMM**

In re:

DAVID MARSHALL BROWN,

     Appellant.

_____/

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

*IN RE NORRIS & JUDY MACFARLAND, DEBTORS,*
CASE NO. 11-13345-JKO CHAPTER 13

*IN RE PATRICK S. LEWIS, DEBTOR,*
CASE NO. 10-40253-JKO CHAPTER 13

(*SANCTIONS AGAINST ATTORNEY DAVID MARSHALL BROWN*)

_____

BRIEF OF APPELLANT DAVID MARSHALL BROWN

_____

**DOUGLAS C. BROEKER, ESQ**.
Florida Bar No. 306738
Sweetapple, Broeker & Varkas, P.L.
777 Brickell Avenue, Suite 600
Miami, Florida 33131
Tel.:  (305) 374-5623
Fax.:  (305) 358-1023
doug@broekerlaw.com
**Counsel for Appellant**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................................iii

PRELIMINARY STATEMENT........................................................................................ 1

RECORD FACTS............................................................................................................. 3

      SEPARATE FACTS *IN RE MACFARLAND* ................................................. 4

      SEPARATE FACTS *IN RE LEWIS* ............................................................... 8

JURISDICTION AND STANDARD OF REVIEW...................................................... 12

SUMMARY OF THE ARGUMENT............................................................................ 12

ARGUMENT...................................................................................................................13

    I.     THE APPLICABLE FACTS AND LAW DID NOT SUPPORT ANY
          SANCTIONS, ESPECIALLY NOT THE EXTREME SANCTION OF
          SUSPENSION FROM THE PRACTICE OF BANKRUPTCY LAW IN
          THE SOUTHERN DISTRICT ..............................................................13

    II.    THE BANKRUPTCY COURT ERRONEOUSLY TREATED DECISIONS
          FROM THE MIAMI DIVISION AS "BINDING AUTHORITY" TO
          ORDER SANCTIONS ....................................................................... 17

    III.   THE BANKRUPTCY COURT ABUSED ITS DISCRETION..............................19

CONCLUSION.............................................................................................................. 23

CERTIFICATE OF COMPLIANCE............................................................................. 24

CERTIFICATE OF SERVICE......................................................................................24

## TABLE OF AUTHORITIES

### CASES

*Big Shanty Land Corp. v. Comer Properties, Inc.*,
    61 B.R. 272 (N.D. Ga. 1985) ............................................................................. 12

*Byrne v. Nezhat*,
    261 F.3d 1075 (11th Cir. 2001) ......................................................................... 22

*Camreta v. Greene*,
    131 S.Ct. 2020 (U.S. 2011) ............................................................................... 18

*Cox Enters., Inc. v. News-Journal Corp.*,
    510 F.3d 1350 (11th Cir. 2007) ......................................................................... 12

*Fishman & Tobin, Inc. v. Tropical Shipping & Constr. Co.*,
    240 F.3d 956 (11th Cir. 2001) ........................................................................... 18

*Fox v. Acadia State Bank*,
    937 F.2d 1566 (11th Cir. 1991) ......................................................................... 18

*Hill v. Day (In re Today's Destiny, Inc.*),
    388 B.R. 737, 757 (Bankr. S.D. Tex. 2008) ..................................................... 18

*In re Ahringer*,
    Case No. 11-22573-JKO (Bankr. S.D. Fla. Nov. 20, 2011) .............................. 23

*In re Alcide*,
    450 B.R. 526 (E.D. PA 2011) ........................................................................... 19

*In re Alvarez*,
    Case No. 11-10002-JKO (Bankr. S.D. Fla. Nov. 20, 2011) .............................. 23

*In re Andrews*,
    394 B.R. 384 (Bankr. E.D. N.C. 2008) ...................................................... 15, 16

*In re Armstrong*,
    320 B.R. 97 (Bankr. N.D. Tex. 2005) .................................................. 14, 20, 21

*In re Balderrama*,
    451 B.R. 185 (M.D. Fla. 2011) ......................................................................... 19

*In re Beckford*,
    Case No. 11-14995-JKO (Bankr. S.D. Fla. Nov. 20, 2011) .............................. 23

*In re Branch*,
    Case No. 08-41638, 2009 WL 2046510 (E.D. Tex. 2009) ......................... 20, 21

*In re Circle J. Dairy, Inc.*,
    112 B.R. 297 (W.D. Ark 1989) ......................................................................... 14

*In re Creative Desperation*,
    Case No. 08-19067-JKO (Bankr. S.D. Fla. Sept. 11, 2009) .............................. 23

*In re De Pena*,
    Case No. 11-14554-JKO (Bankr. S.D. Fla. Nov. 20, 2011) .............................. 23

*In re Felipe*,
    319 B.R. 730 (Bankr. S.D. Fla. 2005) ...................................... 17, 18, 19, 20

*In re Garcia*,
    Case No. 10-43602-JKO (Bankr. S.D. Fla. Nov. 20, 2011) .............................. 23

*In re Gonzalez,*
    356 B.R. 905 (Bankr. S.D. Fla. 2006) .................................................................. 17, 19

*In re Hurtado,*
    Case No. 10-49589-JKO (Bankr. S.D. Fla. Nov. 20, 2011).................................................23

*In re Irons*,
    343 B.R. 32 (Bankr. N.D.N.Y 2006) ..........................................................................14

*In re Jacqueline Cooper Brown,*
    Case No. 09-33688-JKO (Bankr. S.D. Fla. Sept. 28, 2010) .............................................23

*In re Kirkland,*
    Case No. 11-17277-JKO (Bankr. S.D. Fla. Nov. 20, 2011) ............................................ 23

*In re Lott,*
    Case No. 10-35182-JKO (Bankr. S.D. Fla. March 9, 2011) ........................................... 23

*In re Moon Thai,*
    Case No. 10-23328-JKO (Bankr. S.D. Fla. Aug. 31, 2010) ........................................... 23

*In re Moreno,*
    341 B.R. 813 (Bankr. S.D. Fla. 2006) ............................................................. 17, 19, 20

*In re Mroz,*
    65 F.3d 1567 (11th Cir. 1995) .............................................................................. 12, 14

*In re Mullenix,*
    Case No. 11-19051-JKO (Bankr. S.D. Fla. Nov. 20, 2011) ............................................ 23

*In re New River Dry Dock,*
    Case No. 06-13274-JKO (Bankr. S.D. Fla. March 31, 2011) ...........................................23

*In re Orozco,*
    Case No. 09-34626-BKC-JKO (Bankr. S.D. Fla. July 20, 2011) .................................. 2, 18

*In re Reeves,*
    372 B.R. 525 (Bankr. N.D. Ga. 2007) ..................................................................... 13

*In re Santana,*
    Case No. 11-11106-JKO (Bankr. S.D. Fla. Nov. 20, 2011) ............................................23

*In re S & A Dennis Enters., Inc.,*
    Case Nos. 08–31158, 09–32364, 2011 WL 1457204 (Bankr. W.D. N.C. 2011) .............16

*In re Scott,*
    376 B.R. 285 (Bankr. D. Idaho 2007) ......................................................................19

*In re TOUSA, Inc.,*
    444 B.R. 613 (S.D. Fla. 2011) ...........................................................................21, 22

*In re Trail Ends Lodge, Inc.,*
    51 B.R. 209 (D. Vt. 1985) ...................................................................................... 14

*In re Vale Shaw Bills,*
    Case No. 09-40165-JJR-13 (Bankr. N.D. Ala. 2010) ................................................... 18

*In re Vann,*
    321 B.R. 734 (Bankr. W.D. Wash. 2005) ...................................................................14

*In re Weisband,*
    427 B.R. 13 (Bankr. D. Arizona 2010) .....................................................................19

*In re White,*
      Case No. 10-32489-JKO (Bankr. S.D. Fla. Jan. 4, 2011) ...................................................23
*In re WVF Acquisition LLC,*
      Case No. 09-30483–EPK (Bankr. S.D. Fla. Dec. 12, 2009)...............................................23
*Leor Exploration & Prod., LLC v. Aguiar,*
      Case Nos.09–60136–CIV, 2011 WL 4345294 (S.D. Fla. Sept. 15, 2011) ...................... 22
*Ledford v. Peeples,*
      605 F.3d 871 (11th Cir. 2010) ...................................................................................... 12
*Midland Funding, LLC., vs. Brent,*
      644 F.Supp.2d 961 (N.D. Ohio August 11, 2009) ........................................................ 16
*Peer v. Lewis,*
      606 F.3d 1306 (11th Cir. 2010) .................................................................................... 12
*Richard Seaman, et al. v. John E. Dokimos,*
      Case No. 0:07-cv-60741-CMA (S.D. Fla. 2007) .......................................................... 22


**STATUTES AND RULES**
Bankr. Rule 3001........................................................................................................ Passim
Bankr. Rule 8013 ............................................................................................................. 12
Bankr. Rule 9011.......................................................................................................... Passim
11 U.S.C. § 502 ................................................................................................................ 20
15 U.S.C. 1692, *et., seq.* ................................................................................................ 16
28 U.S.C. § 158 ............................................................................................................... 12
Local Rule 2083-1(B) .........................................................................................................3
Florida Statute § 559.715 .............................................................................................. 18

**SECONDARY AUTHORITY**
18 J. Moore et al., Moore's Federal Practice § 134.02[1][d] (3d ed. 2011) ................................. 18


Federal Trade Commission, *Repairing A Broken System: Protecting Consumers in Debt Collection Litigation and Arbitration* (July 2010), http://www.ftc.gov/os/2010/07/debtcollectionreport.pdf. ...................................................................................................................................... 15

Form-B 10 (Official Form 10) (04/10)


David Segal, *Debt Collectors Face a Hazard: Writer's Cramp*, N.Y. Times (Nov. 1. 2010), available at http://www.nytimes.com/2010/11/01/business/01debt.html .................................................... 15


Katherine Porter, *Misbehavior and Mistake in Bankruptcy Mortgage Claims,* 87 Texas L.Rev. 121 (2008) (http://www.utexas.edu/law/journals/tlr/assets/archive/v87/issue1/porter.pdf). ........15

## PRELIMINARY STATEMENT

The sanctions orders on appeal improperly transform a good faith legal dispute, over Chapter 13 Debtors' Objections to poorly substantiated Proofs of Claim, into a harsh sanction against Appellant, David Marshall Brown ("Mr. Brown" or "Appellant").  Mr. Brown was ordered suspended from practicing Bankruptcy law in the Southern District of Florida for a period of thirty one (31) days in *In re MacFarland,* Bankruptcy Case No. 11-13345-JKO, to run consecutively with a similar suspension in *In re Lewis,* Bankruptcy Case No. 10–40253-JKO, for a total suspension of 62 days[1]  by the Fort Lauderdale Division of the United States Bankruptcy Court for the Southern District of Florida ("Bankruptcy Court").  When the Bankruptcy Court entered the Order Sanctioning Attorneys [DE-169 in Bankruptcy Case No. 11-13345-JKO] ("MacFarland Sanctions Order") [DE-166 in Bankruptcy Case No. 10–40253-JKO] ("Lewis Sanctions Order") (collectively referred to as "Sanctions Orders"), suspending Mr. Brown, the Bankruptcy Court failed to acknowledge that Mr. Brown had acted in good faith and in accordance with the law as it might reasonably be advocated. The Sanctions Orders misapply or ignore the applicable facts, and the applicable law.

Mr. Brown filed Objections to Proofs of Claim because those Claims were not supported with documentation as to each Claim's ownership, debt and amount as would be consistent with Rule 3001 of the Federal Bankruptcy Rules of Procedure ("Rule 3001") and the Proof of Claim form itself, Official Bankruptcy Form 10 ("Official Form 10").  The Bankruptcy Court ignored the good faith legal arguments to modify the existing law in this District, and erroneously treated decisions from a sister Division, in Miami, as "binding authority" when the issue was unsettled in the Fort

---

[1] On January 5, 2012, this Court entered an Order Consolidating Cases and Staying Matter while on appeal [DE-3 in Case No. 11-mc-62646-KMM][DE-8 in Case No. 11-mc-62655-KMM].

1

Lauderdale Division.  The decisions in the Miami Division were not directly applicable, and a clarification of the existing rules were imminent from the U.S. Supreme Court.  The decisions that the Bankruptcy Court relied upon did not enter any sanction.  Moreover, such objections have been a common practice for over the past five years, in the midst of consumer protection initiatives nationally.  Additionally, one of the decisions relied upon had not even been published at the time of the asserted transgressions.  *See In re Orozco,* Case No. 09-34626-BKC-RAM (Bankr.S.D. Fla. July 20, 2011).

These severe sanctions came without notice.  Mr. Brown was not properly warned or on notice, by any prior Orders of the Bankruptcy Court, or any other Court anywhere, that objecting to unsupported Proofs of Claim could result in a suspension from practicing bankruptcy law.  Mr. Brown was therefore deprived of his due process rights.  The Bankruptcy Court took no testimony, or evidence about same, then misapprehended the facts of record when it held that the *MacFarland* and *Lewis* Objections were not presented in good faith.  The Bankruptcy Court then relied upon those misapprehended facts in its findings, and then misapplied the law to the facts that it "found".

The Bankruptcy Court improperly placed Mr. Brown in a "Catch-22".  He must, as an advocate, zealously assert his clients' position under the rules of the adversary system, and also carefully review the claims register to confirm that claims are properly filed, and object to deficient or defective claims.  Yet, the Bankruptcy Court is suspending him for doing so. The Bankruptcy Court abused its discretion in sanctioning Mr. Brown with a suspension when he merely filed objections in good faith to Proofs of Claim that were not properly supported.  The Sanctions Orders must be reversed, or quashed.

## RECORD FACTS

This is an appeal from the Bankruptcy Court's Order Sanctioning Attorneys [DE-169 in Bankruptcy Case No. 11-13345-JKO] (MacFarland); [DE-166 in Bankruptcy Case No. 10–40253-JKO] (Lewis). In the MacFarland Sanctions Order,[2] the Bankruptcy Court ruled that Mr. Brown:

> "filed claim objections in objective bad faith, in violation of Fed. R. Bankr. P. 9011(b), and in a manner designed to avoid reasonable review of the claims register as required by Local Rule 2083-1(B) ... [Mr. Brown is accordingly] suspended from practice in the United States Bankruptcy Court, Southern District of Florida for 31 days commencing December 1, 2011 and running through December 31, 2011."

[DE-169 at pp. 36-37]. In the Lewis Sanctions Order, the Bankruptcy Court ruled that Mr. Brown:

> "filed a substantial claim objection in objective bad faith and in violation of Fed.R.Bankr.P. 9011(b) such that he is suspended from practice in the United States Bankruptcy Court, Southern District of Florida, for thirty-one days. Because the court finds that Mr. Brown's behavior in this case and the Lewis case constitute a pattern of not undertaking reasonable investigation into the facts or the law before filing papers with this court, this suspension shall run consecutively with his suspension in the MacFarland case. This suspension shall accordingly commence January 1, 2012 and run through January 31, 2012"

[DE-166 at pp. 39-40].

On November 22, 2011, Mr. Brown filed his Notice of Appeal [DE-173 in Bankruptcy Case No. 11-13345-JKO][DE-168 in Bankruptcy Case No. 10–40253] from the Bankruptcy Court's Sanctions Orders [DE-169 in Bankruptcy Case No. 11-13345-JKO][DE-160 in Bankruptcy Case No.

---

[2] The Sanctions Orders are essentially the same document, with different docket entries for each case. However, each case's specific facts and sanctions will be referred to as their individual case named sanctions order.

10–40253], and Orders to Show Cause [DE-148 in Bankruptcy Case No. 11-13345-JKO][DE-147 in Bankruptcy Case No. 10–40253], which became final with the entry of the Sanctions Orders on November 10, 2011.  On November 23, 2011, at 11:10 a.m., Mr. Brown filed an Emergency Motion for Stay Pending Appeal [DE-178 in Bankruptcy Case No. 11-13345-JKO] [DE-172 in Bankruptcy Case No. 10–40253] with the Bankruptcy Court, as his suspension was imminent, in connection with a four (4) day court observed holiday weekend.  On November 28, 2011, the Bankruptcy Court signed its Order Denying Emergency Motion for Stay Pending Appeal [DE-180 in Bankruptcy Case No. 11-13345-JKO][DE-176 in Bankruptcy Case No. 10–40253], and it was entered and uploaded a day later on November 29, 2011.  However, the Bankruptcy Court temporarily stayed the effective date of Mr. Brown's suspension until further order by this Court.  Mr. Brown filed his Non-Emergency Motion for Stay Pending Appeal [DE-1 in Bankruptcy Case No. 11-13345-JKO][DE-1 in Bankruptcy Case No. 10–40253] on December 13, 2011, with this Court.  On January 5, 2012, this Court entered an Order Consolidating Cases and Staying Matter [DE-3 in Case No. 11-mc-62646-KMM][DE-8 in Case No. 11-mc-62655-KMM].  On January 12, 2012, this Court consolidated the MacFarland and Lewis appeals [DE-5 in Case No. 12-cv-60016-KMM] [DE-6 in Case No. 12-cv-60030-KMM].

        The record facts below are very significant, and each case is described in some detail, separately, for that reason.

### Separate Facts *In re MacFarland*
(all docket entries in this subsection will refer to the MacFarland bankruptcy case docket entries)

        On February 8, 2011, Debtors, Norris and Judy Carol MacFarland (hereinafter "the MacFarlands") filed their Voluntary Petition for relief pursuant to Chapter 13 of the United States

Bankruptcy Code and on March 18, 2011, the MacFarlands timely filed their Schedules, Statements and Chapter 13 Plan [DE-14].[3]  As set forth in Mr. Brown's Response to the Order to Show Cause ("Response") [DE-160 at p. 1], the MacFarlands, who are an elderly couple, were confused about which debts they owed to whom and because there was disagreement regarding the nature and obligation surrounding their debts, Mr. Brown used the MacFarlands' credit reports to prepare the Schedules [DE-160 at p.1, paragraph 2].

As the MacFarlands' counsel, Mr. Brown did not cause their Schedules to be marked as disputed because of concern that the Bankruptcy Court may have inferred a presence of bad faith if he took such action [DE-160 at p. 2].  In response to the "undisputed" debts as stated in the Schedule, several alleged creditors filed Proofs of Claim in the MacFarlands' bankruptcy.  *Id.*  Of the twenty-eight (28) Claims filed by creditors, seventeen (17) failed to attach sufficient documentation in support of their Proofs of Claim.  *Id.* at 4.  Due to the lack of documentation, between June 24, 2011, and June 27, 2011, Mr. Brown filed an Objection to each Claim that he found insufficient.[4]  Each Objection was calendared on the Bankruptcy Court's Motion Calendar and each alleged creditor, who filed a Proof of Claim, was duly and properly noticed of the Objection to its Proof of Claim and a hearing on the same.  *Id.* at 2.

On or around July 13, 2011, Mr. Brown attended the Consent Calendar for the purpose of informing Trustee, Robin Weiner, Esq. ("Trustee"), of his recommendation regarding each

---

[3] Docket entries in this section relate to the *MacFarland* case.

[4] See [DE-160 at p. 2, paragraph 5] Objections to Claim: [DE-65], [DE-68], [DE-71], [DE-74], [DE-76], [DE-78], [DE-80], [DE-86], [DE-89], [DE-92], [DE-95], [DE-98], [DE-101], [DE-104], [DE-110],[DE-113] and [DE-136] in Case No. 11-13345-JKO.

5

Objection.[5] At this Consent Calendar, Mr. Brown had, in his legal opinion, correctly filed Objections to seventeen (17) of the twenty-seven (27)[6] Proofs of Claim filed by alleged creditors in the MacFarland case [DE-160, p. 3, paragraph 11].   Mr. Brown recommended that ten (10) of the seventeen (17) filed Objections be "sustained" and the "associated claims be stricken" as the alleged creditor responsible for filing each insufficient proof of claim had neither (1) amended its Proof of Claim to provide for sufficient documentation nor (2) contacted Mr. Brown providing sufficient documentation or requesting an extension of time to furnish the same.  *Id.* at p. 4, paragraph 12.

As a result of the recommendations provided by Mr. Brown and accepted by Trustee at the Consent Calendar, a proposed eOrder for each of these ten (10) Claims[7] was subsequently submitted to the Bankruptcy Court for its endorsement.  *Id.* at p. 4, paragraph 13.  Of the ten (10) proposed eOrders submitted as a result of the findings at the Consent Calendar, the Bankruptcy Court endorsed and filed four (4) of them.[8] *Id.* at paragraph 14.  The proposed eOrders that were not endorsed by the Bankruptcy Court were set for hearing for September 7, 2011.[9]  *Id.* at pp. 4-5.  The remaining seven

---

[5] [DE-160 at p. 3, paragraph 10] It is common practice for the Bankruptcy Court to ask the Trustee to run through matters scheduled for Motion Calendar to determine whether the scheduled matters can be resolved without going before the Bankruptcy Court.

[6] On July 25, 2011, the deadline for filing Proofs of Claim, one additional alleged creditor, Portfolio Recovery Associates, LLC, filed its Proof of Claim 28-1 to which Mr. Brown objected [DE-136].

[7] Claims 2-1, 6-1, 7-1, 8-1, 9-1, 10-1, 11-1, 12-1, 13-1 and 19-1.

[8] The Bankruptcy Court entered orders striking the Proofs of Claims that Mr. Brown objected to and that were accepted by the Trustee.  See [DE- 127], [DE- 128], [DE- 129] and [DE- 130].

[9] The proposed eOrders that the Bankruptcy Court did not endorse and set for hearing were Claims 9-1, 10-1, 11-1, 12-1, 13-1 and 19-1.

(7) of the seventeen (17) Objections were withdrawn prior to, during, or immediately following the Consent Calendar.[10]

However, on August 22, 2011, the Bankruptcy Court entered an Order to Show Cause [DE-148] to determine whether sixteen (16) of Mr. Brown's seventeen (17) Objections were made in violation of Rule 9011(b) and whether the Objections, when considered together, constituted fraud upon the Bankruptcy Court and the creditors, regardless of whether the Objections had been sustained at the Consent Calendar, or withdrawn on Mr. Brown's own accord. Mr. Brown submitted a detailed Response [DE-160] to the Bankruptcy Court's Order to Show Cause. At paragraphs 1-9 of his Response, Mr. Brown explained the background of the case, and further explained his rationale for objecting to claims. *Id.* at pp. 1-3. In paragraphs 10-15 of the Response, Mr. Brown explained how the matter was handled at the Consent Calendar. *Id.* at pp 3-4. As set forth in paragraphs 27-33 of the Response, Mr. Brown explained why he was arguing for a good faith change in the existing law in this District, and that precedent from another division of this District (which did not involve any sanctions) is persuasive, but not binding, authority upon the Fort Lauderdale Division. *Id.* at pp. 7-9. In paragraphs 34-94 of the Response, Mr. Brown reviewed in detail the factual and legal basis for objecting to each of the claims submitted that he "reasonably believed to be proper" of which seven Objections were either "withdrawn or continued for sound legal reasons." *Id.* at pp. 9-27; See also Transcript of October 12, 2011 Hearing [DE-181 at 4:6, 21-23].

No complaint or further opposition was made about Mr. Brown by any creditor. Moreover,

---

[10] These Objections were withdrawn as the initial insufficient Proofs of Claim were subsequently cured. See [DE-119], [DE-120], [DE-121], [DE-122], [DE-123], [DE-126], and [DE-149]. [DE-160 at p.4, paragraphs 12 and 15]

the case had been dismissed, so there was no controversy of record.  This was a closed case,[11] with

no opposition.[12]  However, on November 10, 2011, the Bankruptcy Court entered several orders

including an Order Overruling Certain Claim Objections [DE-167], Order Vacating Order

Discharging Trustee and Reopening the Case [DE-168], and the *MacFarland* Sanctions Order [DE-

169].  As argued below, by holding that Mr. Brown made no "reasonable" or "basic" inquiry before

filing objections [DE-169 at p. 8], the Bankruptcy Court made "findings of fact" that were directly

contrary to the facts of record and were clearly erroneous, there was no basis for sanctions under

Rule 9011 and the sanctions were an abuse of the Bankruptcy Court's discretion.

<u>**Separate Facts** *In re Lewis*</u>
<u>(all docket entries in this subsection will refer to the Lewis bankruptcy case docket entries)</u>

On October 3, 2010, Debtor, Patrick S. Lewis (hereinafter "Lewis"), filed his Voluntary

Petition for Relief pursuant to Chapter 13 of the Code, and on November 11, 2010, Lewis timely

filed his Schedules, Statements and Chapter 13 Plan [DE-15],[13] including Schedule D, which listed

GMAC, as the creditor who held a mortgage lien in the amount of $463,792.00, pursuant to his

TransUnion Credit Report.  GMAC made no indication on the TransUnion Credit Report that it was

acting as a servicing agent for any other entity.

On December 28, 2010, GMAC, acting as a servicing agent for U.S. Bank National

---

[11] Due to Debtor Norris MacFarland's recent and significant change in income and inability to afford the Plan payments, the Trustee requested entry of an Order Dismissing Case [DE-150], and the Bankruptcy Court ordered the case closed on August 25, 2011 [DE-152].

[12] For reasons that can only be connected with this matter and to justify his ruling, the Bankruptcy Court reopened this case and reappointed the Chapter 13 Trustee [DE-171], with disregard to due process of law.  Nonetheless the matter of the claim objections is closed.

[13] Docket entry numbers in this section relate to the *Lewis* case.

Association (hereinafter "U.S. Bank"), caused to be filed Proof of Claim 5-1 in the amount of $469,560.83 for Lewis' homestead.  Prior to the filing of Claim 5-1, GMAC had provided no documentation evidencing its authority to act on behalf of U.S. Bank.  The only indirect means of determining GMAC's authority with regard to Claim 5-1 was an Assignment of Mortgage of the note and mortgage secured by Lewis to U.S. Bank.  The only document associated with Claim 5-1 that identified GMAC as a servicing agent for any entity was Claim 5-1.  Mr. Brown concluded that GMAC executed the Assignment of Mortgage on behalf of U.S. Bank.

On August 8, 2011, Mr. Brown filed his Objection to U.S. Bank's Proof of Claim [DE- 133] ("Objection") on the grounds that (1) U.S. Bank was not the proper party in interest pursuant to 11 U.S.C. §101(10) and (2) Lewis believed the amount listed on the claim was incorrect. *Id.*  The Objection to U.S. Bank's Claim was set for a hearing on September 7, 2011 on the Consent Calendar.  Neither U.S. Bank, nor GMAC as U.S. Bank's agent, ever filed a response to Lewis' Objection.

Due to the fact that Mr. Brown would not be available to attend the hearing for the Objection to U.S. Bank's Proof of Claim, Mr. Stephen Weinstein, another attorney in the Brown Van Horn, P.A. law firm ("Mr. Weinstein") covered the hearing.  Prior to the hearing, Mr. Weinstein had the realization that Lewis' Schedule D should identify GMAC's claim as disputed because all parties were confused as to who was the true party of interest [DE-160 at p.3 paragraph 9].  Mr. Weinstein articulated two reasons why GMAC's claim should be regarded as disputed on Schedule D.[14]  As

---

[14] [DE-160 at p.3 paragraphs 10-11.] Mr. Weinstein expressed that if U.S. Bank was the true party holding the interest in the mortgage and possessing a claim against Lewis' property, as the Proof of Claim 5-1 indicated, then GMAC, as the servicer, should not be recognized on Schedule D as the party holding the claim. Even if it was legally acceptable to identify GMAC, as servicing agent for U.S. Bank, as the party holding the claim, U.S. Bank was not holding the

such, Mr. Weinstein found such an amendment imperative, and because Mr. Brown was not available,[15] the Schedules were amended and filed by and through a secondary CM/ECF account [DE-142].

Pursuant to the Bankruptcy Court's regular practice, the matter was heard on the Consent Calendar by the Trustee on September 7, 2011.  Despite being properly notified of this hearing, neither U.S. Bank nor GMAC were in attendance and Objection to Claim 5-1 was sustained as recommended by the Trustee [DE-160, p.4, paragraph 15].  As a result of the Trustee's recommendation, an employee of Brown Van Horn, P.A., submitted a proposed eOrder striking Proof of Claim 5-1, on September 8, 2011.  However, the next day, Chad Van Horn of the Brown Van Horn, P.A. firm, found it appropriate to withdraw the Amended Schedule D [DE-144] under Mr. Brown's secondary CM/ECF account.  But before Mr. Brown had the opportunity to file Lewis' Second Amended Schedule D using his designated account, the Bankruptcy Court entered an Order Overruling Debtor's Objection to Claim 5-1 [DE-145],[16] thereby overruling the Trustee's recommendation to sustain the Objection, on the grounds that Mr. Brown's Objection must be either without evidentiary support or frivolous and as such, there was no basis for his Objection to Claim

claim at the time Lewis filed his Schedules. [*Id.* at paragraphs 11-12]  Because the Schedules must reflect the name, mailing address and account number of the entities holding claims as of the date of filing of the petition, Mr. Weinstein concluded that Schedule D must be amended to regard GMAC's claim as disputed. [DE-160 at p.3, paragraph 12]

[15] Indeed, at the time of the subject events, Mr. Brown was traveling between Seattle and Miami, and was unavailable, as was made clear to the Bankruptcy Court [DE-154 pp. 3-4, paragraph 12 and fn. 3]; [DE-160, p. 3, paragraph 18].

[16] The Order Overruling the Objection to GMAC's Claim also ordered that $367,000.00 of Claim 5-1 was allowed as a secured claim and $96,792.00 of Claim 5-1 was allowed as a general unsecured claim.  The excess of $5,768.83 of Claim 5-1 was disallowed as "GMAC did not appear to contest the claim objection despite being properly served."  See [DE-145].

10

[DE-145].  The Order Overruling the Objection [DE-145] to GMAC's Claim did not mention the Trustee's recommendation to sustain the Objection at the Consent Calendar.

The Bankruptcy Court subsequently entered an Order to Show Cause [DE-147], without any hearing or notice to Mr. Brown, and without any creditor asserting bad faith.  Mr. Brown filed a Motion to Reconsider Order on Objection to Claims filed by the Debtor [DE-154] ("Motion to Reconsider".   At the October 26, 2011, hearing on the Motion to Reconsider and Order to Show Cause [DE-147], Stuart M. Gold, Esq., counsel for creditor U.S. Bank, stated that he "understood Mr. Van Horn's concern. We were able to explain some stuff to Mr. Van Horn that wasn't readily apparent in our paperwork.  I think we've worked this out." [DE-175 at p. 3 lines 9-13].[17]  Mr. Gold further stated that Mr. Brown "had some legitimate concerns ... I think the motion for reconsideration was filed in good faith." [DE-175 at p. 3, lines 18-21].

The Bankruptcy Court ignored these statements by U.S. Bank's counsel and the record facts. Without a complaint ever made about Mr. Brown by any creditor, on November 10, 2011, the Bankruptcy Court entered the Sanctions Order [DE-166] and held that Mr. Brown "filed a substantial claim objection in objective bad faith and in violation of Fed. R. Bankr. P. 9011(b)... pattern of not undertaking reasonable investigation into the facts or the law before filing papers." [DE-166].  The Bankruptcy Court made "findings of fact" that were directly contrary to the facts of record [DE-166 at pp. 29-30]; [DE-175 at p.3, lines 18-21].  At all times material hereto, Mr. Brown maintained that Lewis' Schedule D should have reflected a "disputed" claim with regard to the mortgage lien held

---

[17]  As Mr. Van Horn was the senior attorney in charge of the Brown Van Horn Law Firm during Mr. Brown's vacation at this time, Mr. Van Horn did the actual response to the Order to Show Cause [DE-175].

by GMAC.[18]   When the issue was clarified, the objection was properly withdrawn.

## JURISDICTION AND STANDARD OF REVIEW

District courts have appellate jurisdiction over the judgments, orders, and decrees of bankruptcy courts.  28 U.S.C. § 158(a).  Mr. Brown has timely filed for a stay pending appeal in addition to this appeal under 28 U.S.C. § 158.

This Court reviews appeals from bankruptcy court orders sanctioning attorneys for abuse of discretion.  Fed. R. Bankr. P. 8013; *In re Mroz*, 65 F.3d 1567, 1571 (11th Cir. 1995); *Big Shanty Land Corp. v. Comer Properties, Inc.*, 61 B.R. 272, 277 (N.D. Ga. 1985).  Every aspect of a court's decision to award or deny sanctions is reviewed under an abuse of discretion standard.  *Ledford v. Peeples*, 605 F.3d 871, 922 (11th Cir. 2010) (relevant inquiry is whether district court's decision was tenable or "in the ballpark" of permissible decisions).  A court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or bases the decision upon findings of fact that are clearly erroneous.  *Peer v. Lewis*, 606 F.3d 1306, 1311 (11th Cir. 2010); *Cox Enters., Inc. v. News-Journal Corp.*, 510 F.3d 1350, 1360 (11th Cir. 2007).

## SUMMARY OF ARGUMENT

The Orders on appeal did not have sufficient grounds to enter sanctions pursuant to Rule 9011, including the extreme sanction of suspension from the practice of law.  Mr. Brown, through zealous advocacy of his clients, asserted Objections to unsupported Proofs of Claim.  When the Claimants provided appropriate additional information, the objections were withdrawn.  If not, the

---

[18] See also Transcript of Hearing on Motion to Reconsider [DE-154] held October 26, 2011 [DE-175 at p. 5, lines 14-24.] Mr. Van Horn made clear that the objections, and the Motion to Reconsider, were brought in good faith, and when Creditor's counsel provided appropriate documentation, they were withdrawn. *Id.* at lines 22-24.

12

Objections remained for ruling by the Bankruptcy Court. Instead of entertaining sound legal argument, the Bankruptcy Court, without binding precedent, and without warning or putting Mr. Brown on notice, turned the argument into an ethical attack and ordered extreme sanctions upon erroneous findings of "bad faith". While the applicable case law is split on the validity of the objections asserted, the developing facts and law provide strengthening support for Mr. Brown's objections. In any case it is clear that his actions were in good faith, and no case law supports a sanction of suspension under these facts. The Bankruptcy Court abused its discretion in sanctioning Mr. Brown under Rule 9011. Applicable case law, Rule 3001, Official Form 10, and a national pattern of creditor abuse in filing unsupported claims, supported Mr. Brown's good faith arguments. The Bankruptcy Court did not have sufficient factual or legal basis to sanction Mr. Brown under Rule 9011. Most importantly, the sanction of suspension was totally unwarranted, and must be quashed by this Court.

## **ARGUMENT**

### I. **THE APPLICABLE FACTS AND LAW DID NOT SUPPORT ANY SANCTIONS, ESPECIALLY NOT THE EXTREME SANCTION OF SUSPENSION FROM THE PRACTICE OF BANKRUPTCY LAW IN THE SOUTHERN DISTRICT**

The Bankruptcy Court has the inherent authority to sanction, however, it must be done with restraint. Suspension from practice is a "serious sanction that should not be imposed lightly." *In re Reeves*, 372 B.R. 525, 529 (Bankr. N.D. Ga. 2007), reinstatement granted, BKR 04-17370-WHD, 2007 WL 7143081 (Bankr. N.D. Ga. 2007).

No creditor or opposing attorney herein requested sanctions against Mr. Brown. The objections in *In re MacFarland* and *In re Lewis* were not filed for an improper purpose. They were supported by applicable law and facts and by a good faith effort to modify existing law. Mr.

13

Brown's Objections to the claims in the *In re MacFarland* and *In re Lewis* cases were not fraud upon the Bankruptcy Court, nor creditors, and sanctions under Rule 9011(b) of the Federal Rules of Bankruptcy Procedure are not appropriate.[19]

When a creditor files a Proof of Claim, pursuant to the instructions of Official Form 10 and Rule 3001, it is clear in bankruptcy practice that creditors are to submit documentation, and when the creditors file inadequate Proof of Claim forms, without supporting documentation, they are the proper subject of objection.[20]  Courts have found that the purpose of the Rule 3001 is subverted by the filing of "Account Summary" claims, as the parties charged with policing the claims process are denied necessary information,[21] and that affording such prima facie validity to Account Summary claims, without the necessary documents, can only "**lead to abuses of the claim system**."[22]

---

[19] Sanctions under Bankruptcy Rule 9011 are warranted when (1) the papers are frivolous, legally unreasonable or without factual foundation, or (2) the pleading is filed in bad faith or for an improper purpose.  Fed. R. Bankr. P. 9011; *In re Mroz*, 65 F.3d at 1572.

[20] Mr. Brown objected to claims that were filed by creditors without "any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements," which are necessary pursuant to Instruction 7 on the standard Proof of Claim, Form- B 10 (Official Form 10) (04/10) [DE-160 in Case No. 11-13345-JKO at pp. 1-3].  Also, Rule 3001(c)(2)(A) has been clarified by the United States Supreme Court Rules Committee, within a few months of Mr. Brown's alleged transgressions, to further support Mr. Brown's actions.

[21] See *In re Trail Ends Lodge, Inc*., 51 B.R. 209 (D. Vt. 1985).

[22] *In re Circle J. Dairy, Inc*., 112 B.R. 297, 301 (W.D. Ark 1989) (emphasis added); see *In re Irons*, 343 B.R. 32 (Bankr. N.D.N.Y 2006) (proof of claim filed by debt buyer on credit card not entitled to prima facie evidence because summary of debt failed to include a breakdown of interest and late fees); *In re Vann*, 321 B.R. 734 (Bankr. W.D. Wash. 2005) (if documents are voluminous, creditor must provide a statement itemizing the total amount of the debt; and if they are seeking interest and fees in addition to principal, they must provide the agreement or other authority for the amount or validity charge); *In re Armstrong*, 320 B.R. 97 (Bankr. N.D. Tex. 2005) (credit card or consumer account creditor, in order for the proof of claim to be given prima facie effect, must attach an account statement containing the debtor's name, account number, the

Mr. Brown's good faith dispute of unsupported claims is justified by recent studies and developing law.[23] A 2010 Federal Trade Commission report cited a study that found an astoundingly high percentage of suits that were filed on time-barred debts.  See Federal Trade Commission, *Repairing A Broken System: Protecting Consumers in Debt Collection Litigation and Arbitration* p. 29 (July 2010), http://www.ftc.gov/os/2010/07/debtcollectionreport.pdf.  The report recommended that states should consider requiring that debt collection complaints include more documentation, the same type of ownership documentation that Mr. Brown requested and is being sanctioned for in this case.  See *id*. at iii.

With the development of technology, there is an evolving business of bulk-debt buying.  The phenomena of bulk-debtor purchasing has led to an uncontrolled practice of filing claims with minimal or no review which has presented a challenge for the bankruptcy system and a debtor's attorney.  *See In re Andrews*, 394 B.R. 384, 389 (Bankr. E.D. N.C. 2008).  "With the imaginative and innocuous names, it is easy to underestimate the negative impact large-scale consumer debt

---

pre-petition account balance, interest rate, and a breakdown of interest charges, finance charges and other fees that make up the balance of the debt, or attach monthly statements so that this information can be easily determined); see also David Segal, *Debt Collectors Face a Hazard: Writer's Cramp*, N.Y. Times (Nov. 1. 2010), available at http://www.nytimes.com/2010/11/01/business/01debt.html (5,000 out of 23,000 accounts of sold debt had errors).

[23] The seriousness of this issue has been underscored by an empirical study of 1,700 foreclosure-related Chapter 13 cases conducted by University of Iowa College of Law Professor Katherine M. Porter, funded by the National Conference of Bankruptcy Judges' Endowment for Education.  Katherine Porter, *Misbehavior and Mistake in Bankruptcy Mortgage Claims,* 87 Texas L.Rev. 121, 124 (2008) ("Porter Study") (http://www.utexas.edu/law/journals/tlr/assets/archive/v87/issue1/porter.pdf).   Professor Porter found that questionable fees were added to borrowers' bills in nearly half of the mortgage loans she examined.  The Porter Study revealed that 52.77% of proofs of claim lacked at least one clearly-required document.

buyers ... are having on the bankruptcy court system." *Id.*  Additionally, one can easily understand the abundance of errors emanating from the filing of claims where a central motive for filing proof of claims is profit generating as opposed to accuracy.  In fact, the debt buyer industry has been exposed for its inappropriate business practices of filing affidavits [the legal equivalent to filing a bankruptcy Proof of Claim] without review of legitimacy.  Recently, an Ohio court found the business practices of Midland Funding, LLC, a debt buyer, to be in violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, *et. seq.,* for attempting to collect a debt by using false affidavits, which were improperly sworn to as the affiant had no personal knowledge of the 200-400 affidavits signed per day.  *Midland Funding, LLC., vs. Brent*, 644 F.Supp. 2d 961 (N.D. Ohio August 11, 2009).

A plague of stale claims, an abundance of errors emanating from debt buyers, and recent cases, led to the clarification of Rule 3001, which sets forth the requirements applicable to the proper filing of a claim based on a writing.  The amendments, which became effective December 1, 2011, insert additional requirements in an individual debtor case and specify the sanctions that may ensue for failure to comply.[24]  The amendments actually do not impose new requirements because creditors were expected to provide this information based on instructions that have been on Official Form 10 for many years.  All that has changed is a clarification of these requirements of Bankruptcy Rules and sanctions for noncompliance have been clearly set forth.  If a creditor claims that amounts other

_____

[24] See Fed. R. Bankr. P. 3001(c)(2) (effective December 1, 2011); see *In re Andrews*, 394 B.R. at 389 (discussing the need for revisions to the rule in the context of claims filed by bulk claim buyers and referring the issue to the Advisory Committee on Bankruptcy Rules); *see also In re S & A Dennis Enters., Inc.*, Case Nos. 08–31158, 09–32364, 2011 WL 1457204, *8-9 (Bankr. W.D. N.C. 2011) (discussing the many divergent views of precisely what documentation must accompany a claim for a credit card debt and declining to establish precedent as to what is required, in part because of pending amendments to Rule 3001).

16

than principal are owed, Rule 3001(c)(2)(A) requires that the creditor file with its proof of claim an itemized statement of any interest, fees, expenses, or charges.[25]  This rule amendment now places the burden on the creditor to carefully review what is being filed, or be sanctioned for failure to do so.

Under this state of the law, it was error for the Bankruptcy Court to sanction debtor's counsel, Mr. Brown, for his good faith Objection to defectively submitted claims.  As such, Mr. Brown was caught in a "Catch-22" as a debtor's counsel is obligated to review the claims register and all of the proofs of claims, and certify that they are sufficient.  However, by objecting when the claims are defective in accordance with Rules 3001 and 3002, and instructions for filing proofs of claims on Official Form 10, he was sanctioned.  The Bankruptcy Court erroneously sanctioned Mr. Brown, and that Order is properly quashed.

## II. THE BANKRUPTCY COURT ERRONEOUSLY TREATED DECISIONS FROM THE MIAMI DIVISION AS "BINDING AUTHORITY" TO SUPPORT AN ORDER OF SANCTIONS

Mr. Brown was mindful of Judge Mark's decisions in *In re Moreno,* 341 B.R. 813 (Bankr. S.D. Fla. 2006), *In re Gonzalez,* 356 B.R. 905 (Bankr. S.D. Fla. 2006), and *In re Felipe*, 319

---

[25] Rule 3001(c)(2)(D) states:

If the holder of a claim fails to provide any information required by this subdivision (c), the court may, after notice and hearing, take either or both of the following actions:
  (i) preclude the holder from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the case, unless the court determines that the failure was substantially justified or is harmless; or
  (ii) award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure.

B.R. 730 (Bankr. S.D. Fla. 2005), as referenced to by the Bankruptcy Court in the Sanctions Order [DE-169].  However, "[a] decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." *Camreta v. Greene*, 131 S. Ct. 2020, 2033 n.7 (U.S. 2011) (citing 18 J. Moore et al., Moore's Federal Practice § 134.02[1][d], p. 134-26 (3d ed. 2011)); *see Fishman & Tobin, Inc. v. Tropical Shipping & Constr. Co.*, 240 F.3d 956, 965 (11th Cir. 2001) (district courts owe obedience only to decisions of higher courts, not to decisions of other district courts)(citing *Fox v. Acadia State Bank*, 937 F.2d 1566, 1570 (11th Cir. 1991)("A district court is not bound by another district court's decision, or even an opinion by another judge of the same district court. . .").

Since Judge Mark issued these decisions,[26] the prevailing view of consumer creditors has dramatically changed during the past five years.  Pursuant to Florida Statute § 559.715, "the assignee must give the debtor written notice of such assignment as soon as practical after the assignment is made, but at least 30 days before any action to collect the debt."   Filing a claim in a Chapter 13 bankruptcy case is tantamount to filing a complaint in a civil action to collect a debt.  *In re Vale Shaw Bills*, Case No. 09-40165-JJR-13 (Bankr. N.D. Ala. 2010); *Hill v. Day* (*In re Today's Destiny, Inc.*), 388 B.R. 737, 757 (Bankr. S.D. Tex. 2008) ("[T]he procedural consequences of filing a proof of claim or civil action are materially similar.  A proof of claim, like a lawsuit seeking money damages, is a demand for payment.").  And like many of the claimants in this case, as assignees of debt, the creditors did not give the MacFarlands or Lewis notice of their assignment within 30 days

---

[26] Mr. Brown recognizes that Judge Mark adhered to this position in *In re Orozco,* Case No. 09-34626-BKC-RAM (Bankr. S.D. Fla. July 20, 2011), however this decision was after, or concurrent with, the subject activity and therefore provided no guidance at the time.  Also, for the reasons stated herein, Mr. Brown asserts that this interpretation of the law is in need of modification.  Finally, *In re Orozco* did not impose sanctions.

18

of filing their claim, nor any documentation of their debt ownership under Official Form 10.

Mr. Brown suggests that the law should evolve to address these issues,[27] and that creditors should not be allowed the benign indulgence of judicial exemption of accountability. In light of recent history, it can be argued that *Gonzalez, Moreno,* and their progeny, should be viewed in this light, especially in accordance with the December 1, 2011, amendment to Rule 3001.[28]  Mr. Brown suggests that creditors may properly be held to follow the requirements of Florida law in providing documentation that supports their claims. The Bankruptcy Court should be mindful of the potential fraud of overreaching creditors, and avoid empowering them by intimidating debtors' attorneys from asserting objections to claims by sanctioning the debtor's attorneys for "fraud on the Court". Now, unlike 2006, with ECF Filing and routine telephonic attendance at hearings, the "cost of going to Court" is substantially reduced for creditors. Accordingly, Mr. Brown argued in good faith for a modification of existing law. More importantly, existing law did not support sanctions against Mr. Brown under the facts of these cases.

## III.   THE BANKRUPTCY COURT ABUSED ITS DISCRETION

There is clear error in the Bankruptcy Court's analysis of the facts of record. There was a lack of evidence or evidentiary proceedings to support the Sanctions Orders. There was a lack of

---

[27] This is a developing area of the law. *See In re Balderrama,* 451 B.R. 185, 190 (M.D. Fla. 2011) (additional evidence may be required to prove possession and ownership of a note); *In re Scott*, 376 B.R. 285, 290 (Bankr. D. Idaho 2007) (standing issue arises when agents or servicers assert claims); *In re Alcide,* 450 B.R. 526 (E.D. Pa 2011); *In re Weisband,* 427 B.R. 13, 18-19 (Bankr. D. Arizona 2010).

[28] The December 1, 2011 amendment to Rule 3001 states that "[i]f, in addition to its principal amount, a claim includes interest, fees, expenses, or other charges incurred before the petition was filed, **an itemized statement of the interest, fees, expenses, or charges shall be filed with the proof of claim**." Fed.R.Bankr.P. 3001(c)(2)(A) (effective December 1, 2011) (emphasis supplied).

due process in ordering a suspension.  Moreover, the Bankruptcy Court misread the applicable law. This is a developing area of the law.  As argued by Mr. Brown, the objections were supported by 11 U.S.C. § 502(b), strengthened by existing, persuasive case law, not precluded by any binding case law in this division and there was ground for establishment of new law,[29] as advocated by Mr. Brown, in *In re MacFarland* and *In re Lewis*.  Mr. Brown filed Objections that he "reasonably believed to be proper" in connection with his representation of the MacFarland and Lewis estates [DE-181 at 4:6 in Bankruptcy Case No. 11-13345] [DE-160 in Bankruptcy Case No. 10-40253]. However, the Bankruptcy Court stated that failing to attach a writing was not a basis for objection under 11 U.S.C. §§501 and 502, even if the Claim was not prima facie valid [DE-148 in Case No. 11-13345-JKO] [DE-147 in Case No. 10-40253-JKO].   The Orders to Show Cause *In re MacFarland* and *In re Lewis*  specifically directed attention to Judge Mark's published opinions concerning claim disallowance under 11 U.S.C. § 502 and Rule 3001(c).  But not one of those cases entered any sanctions or even issued a warning to bankruptcy practitioners.  Based upon the facts of each case, the instructions in Official Form 10 and Rule 3001, and the nationwide debt buying abuse, the Bankruptcy Court's conclusions in the Sanctions Orders were simply unsupported and clearly erroneous.

The Bankruptcy Court's legal analysis of debtors' attorneys' ethical obligations was incorrect.  See Sanctions Orders at pp. 32-33.  After citing to *Moreno* and *Felipe*, the Bankruptcy Court based its ethical conclusions upon *In re Armstrong,* 320 B.R. 97 (Bankr. N.D. Tex. 2005) and *In re Branch,* 2009 WL 2046510, at * 4 (Bankr. E.D. Tex. 2009).  However, the ultimate conclusion of those cases spotlights the error the Bankruptcy Court, below, made regarding Mr. Brown.  The

---

[29]   See Notes 22-25 and accompanying text, *supra*.

Texas Courts stated:

> A debtor and his or her counsel should carefully consider their ethical obligations under Bankruptcy Rule 9011(b) when prosecuting such an objection.  This Court agrees with the observation of the Bankruptcy Court for the Northern District of Texas that "if a debtor objected to a proof of claim for lack of documentation and, in response, the claimant supplied the documentation, **the court would consider imposing sanctions on an attorney who continued to prosecute an objection if the debtor lacked any other basis to challenge the claim**." *In re Armstrong,* 320 B.R. 97, 109 (Bankr.N.D.Tex. 2005).  In this case, however, Crescent has not requested an award of its attorneys' fees or other sanctions against Debtor or his counsel, and the Court expresses no opinion as to whether such an award might be justified under the circumstances.

*In re Branch,* 2009 WL 2046510 at *, (quoting *In re Armstrong,* 320 B.R. at 109) (emphasis supplied).  In this case Mr. Brown did not continue to prosecute objections after the claimants supplied documentation.  Thus, under the very case the Bankruptcy Court relied upon, Mr. Brown proceeded exactly appropriately.

Additionally in *In re Lewis*, the Bankruptcy Court did not articulate exactly which conduct it believed the Mr. Brown employed to violate the various elements of Rule 9011(b).  It is apparent from the facts that the actions taken by Mr. Brown, Mr. Van Horn, Mr. Weinstein and Brown Van Horn, P.A.'s employees, were for the purpose of either (1) maintaining consistency with the practices of the Bankruptcy Court, or (2) maintaining compliance with the Bankruptcy Court's policies and in either event, and at no time were for the purpose of harassment, to cause unnecessary delay, or to otherwise increase the costs of litigation.  Opposing counsel directly stated that the objection was asserted in good faith. [DE-175 at p. 3 ln. 18, 20-21]

While bad faith is the key to unlocking the court's inherent power, a court must do more than

conclude that a party acted in bad faith;[30] it should make specific (and accurate) findings as to the

party's conduct that warrants sanctions. *Leor Exploration & Prod., LLC v. Aguiar*, Case

Nos.09–60136–CIV, 09–60683–CIV, 2011 WL 4345294 (S.D. Fla. Sept. 15, 2011) (citing to *Byrne*

*v. Nezhat*, 261 F.3d 1075, 1123 (11th Cir. 2001). The Bankruptcy Court entered these suspensions

as to Mr. Brown, without specific findings that would warrant such sanctions, and with clearly

erroneous findings.[31]

     Mr. Brown maintains that his Objections to Proofs of Claim for lack of sufficient information

---

[30] Compare *In re TOUSA, Inc.*, 444 B.R. 613, 677 (S.D. Fla. 2011) ("if the Bankruptcy Court's ruling were to stand, it would impose an unfair burden... The Bankruptcy Court's legal definition of what constitutes "good faith" is contrary to any "tempered" application of [applicable statute] to adopt the Bankruptcy Court's position would have a profoundly chilling effect on [applicable conduct]").

[31] This specific Bankruptcy Court has had orders vacated by another federal judge, sitting in an appellate capacity, because of lack of sufficient findings to support this Bankruptcy Court's orders. *See Richard Seaman, et al. v. John E. Dokimos*, Case No. 0:07-cv-60741-CMA (S.D. Fla. 2007) (Judge Altonaga, on appeal, ordered that Judge Olson's Order on Motions to Set Aside Defaults and for Final Judgment After Default were vacated as the orders were entered without sufficient findings); *see also In re TOUSA, Inc.*, et al., 444 B.R. 613 (S.D. Fla. 2011). The District Court, on Appeal, chastised this same Bankruptcy Court by finding "the totality of these circumstances, as patently ignored by the Bankruptcy Court ... established a direct link..." *Id.* at 664. The District Court described this same Bankruptcy Court's application of law as "patently unreasonable and unworkable," *id.* at 675, and that he gave an "overly broad interpretation of section 550(a) and erroneously neglected to analyze the specific text of that provision". *Id.* at 670. The District Court also noted as "persuasive" arguments made by the Appellants that the case be reassigned to another judge if remand was warranted because Appellants had "serious doubts about [the Bankruptcy Court's] ability to approach the Defendants' evidence and arguments fairly" and cited specific examples including granting Summary Judgment on an issue after the Movant acknowledged that it withdrew its motion on that same issue, questioning witnesses for the Defendants in a "belligerent and dismissive"manner, allowing rebuttal testimony by expert witnesses in order to "know what the truth is" even though the Court "refused to allow any testimony from a single fact witness identified by the Defendants as rebuttal to the new testimony." *Id.* at fns 53, 65. In the *In re Tousa* case, the District Court determined that it would not remand the case back to the Bankruptcy Court and instead quashed the Order, found the imposition of remedies "null and void" and directed that judgment be entered for the Defendants. *Id.* at 111-113.

are grounded in sound law and are consistent with the appropriated and zealous practices on behalf

of debtors.  The Bankruptcy Court ignored the facts of the cases, Mr. Brown's written Responses to

the Order to Show Cause [DE-160 in Bankruptcy Case No. 11-13345] [DE-160 in Bankruptcy Case

No. 10-40253] and his oral presentation at the Show Cause Hearing [DE-181 in Bankruptcy Case

No. 11-13345].  The Bankruptcy Court's definition of bad faith conduct, and its application thereof,

has a profoundly chilling effect on all debtor counsels' conduct.[32]

**CONCLUSION**

In *In re MacFarland and In re Lewis*, the Bankruptcy Court abused its discretion as the

requirements for sanctions under Rule 9011 were not found pursuant to the facts, on the record, in

the applicable law.  The Bankruptcy Court abused its power under Rule 9011 when it failed to

consider the good faith arguments by Mr. Brown through his objections to unsupported claims.  Mr.

Brown acted in good faith: he properly objected to defective claims, and he withdrew the objections

when those claims were substantiated.  There may be some good faith dispute about the law in this

area, but the conduct is not sanctionable, especially by suspension.  The Bankruptcy Court's

---

[32] Not only has the Bankruptcy Court abused its discretion in ordering sanctions pursuant to Rule 9011 this case, but this particular Bankruptcy Court has entered substantially more sanctions pursuant to Rule 9011 than any other bankruptcy court in the Southern District of Florida.  Over the past five (5) years, this particular Bankruptcy Court has entered seventeen (17) of the nineteen (19) sanctions orders under Rule 9011 in the Southern District. **Monetary sanctions**: *In re White*, 10-32489-JKO; *In re Lott*, 10-35182-JKO; and *In re WVF Acquisition LLC*, 09-30483. **Suspension from Bankruptcy Court**: *In re Creative Desperation*, 08-19067-JKO; *In re Jacqueline Cooper Brown*, 09-33688-JKO; *In re MacFarland*, 11-13345-JKO; *In re Lewis*, 10-40253-JKO; *In re Hurtado*, 10-49589-JKO; *In re Garcia*, 10-43602-JKO; *In re Santana*, 11-11106-JKO; *In re Ahringer*, 11-22573-JKO; *In re Mullenix*, 11-19051-JKO; *In re Alvarez*, 11-10002-JKO; *In re Kirkland*, 11-17277-JKO; *In re Beckford*, 11-14995-JKO; *In re De Pena*, 11-14554-JKO; and *In re New River Dry Dock*, 06-13274-JKO ( was an Order to Show Cause and the U.S. Bankruptcy Court for the Southern District of Florida entered sanction *en banc*).  **Restriction to Practice**: *In re Moon Thai*, 10-23328-JKO.

23

Sanctions Orders on the record of these cases, does not support any sanction, especially the extreme sanction of suspension. The Orders under review are properly quashed by this Court.

Respectfully submitted,

By: /s/ Douglas C. Broeker
**Douglas C. Broeker, Esquire**
Florida Bar No. 306738
Doug@broekerlaw.com
**SWEETAPPLE, BROEKER & VARKAS, P.L.**
777 Brickell Avenue, Suite 600
Miami, Florida 33131
Tel.:  (305) 374-5623
Fax.:  (305) 358-1023
Counsel for Appellant

## CERTIFICATE OF COMPLIANCE

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

By: **s/ Douglas C. Broeker**
Douglas C. Broeker, Esquire
Florida Bar No. 306738

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed via electronic filing using the CM/ECF system with the Clerk of the Court which sent e-mail notification of such filing to all CM/ECF participants in this case on this **20th** day of January, 2012.

By:    /s/ Douglas C. Broeker
**Douglas C. Broeker, Esquire**
Florida Bar No. 306738
Doug@broekerlaw.com

24