UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 12-cv-60016-KAM

In re:

DAVID MARSHALL BROWN,

    Appellant.
_____/

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

*IN RE NORRIS & JUDY MACFARLAND, DEBTORS,*
CASE NO. 11-13345-JKO CHAPTER 13

*IN RE PATRICK S. LEWIS, DEBTOR,*
CASE NO. 10-40253-JKO CHAPTER 13

(*SANCTIONS AGAINST ATTORNEY DAVID MARSHALL BROWN*)
_____

REPLY BRIEF OF APPELLANT DAVID MARSHALL BROWN
_____

**DOUGLAS C. BROEKER, ESQ**.
Florida Bar No. 306738
Sweetapple, Broeker & Varkas, P.L.
777 Brickell Avenue, Suite 600
Miami, Florida 33131
Tel.: (305) 374-5623
Fax.: (305) 358-1023
doug@broekerlaw.com
**Counsel for Appellant**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES................................................................................................iii

INTRODUCTION .................................................................................................................1

STANDARD OF REVIEW...................................................................................................3

SUMMARY OF THE FACTS AND SUPPLEMENTAL ARGUMENT.........................4

SUPPLEMENTAL ARGUMENT........................................................................................6

     I.    THE BANKRUPTCY COURT VIOLATED MR. BROWN'S DUE PROCESS RIGHTS WHEN IT FAILED TO HAVE AN EVIDENTIARY HEARING ON POSSIBLE SANCTIONS ......................................................6

     II.   APPLICABLE LAW DID NOT SUPPORT A FINDING OF A RULE 9011(B) VIOLATION.................................................................................................9

CONCLUSION.....................................................................................................................13

REQUEST FOR ORAL ARGUMENT .............................................................................14

CERTIFICATE OF COMPLIANCE.................................................................................14

CERTIFICATE OF SERVICE...........................................................................................15

## **TABLE OF AUTHORITIES**

**CASES**

*Camreta v. Greene*,
    131 S. Ct. 2020 (U.S. 2011) ....................................................................................13
*Donaldson v. Clark*,
    819 F.2d 1551 (11th Cir.1987) ...................................................................................6
*Georgian Villa, Inc. v. United States* (*In re Georgian Villa, Inc.*),
    55 F.3d 1561 (11th Cir.1995) .....................................................................................3
*Fishman & Tobin, Inc. v. Tropical Shipping & Constr. Co.*,
    240 F.3d 956 (11th Cir. 2001)...................................................................................13
*Fox v. Acadia State Bank*,
    937 F.2d 1566 (11th Cir. 1991).................................................................................13
*In re Carapella*,
    115 B.R. 365 (M.D. Fla.1990), aff'd, 925 F.2d 1474 (11th Cir.1991) ................4
*In re Club Associates*,
    956 F.2d 1065 (11th Cir.1992) ...................................................................................3
*In re Evergreen Security, Ltd*,
    570 F.3d 1257 (11th Cir. 2009)...................................................................................7
*In re Falwell*,
    434 B.R. 779 (Bankr. W.D. Va. 2009)......................................................................11
*In re Felipe*,
    319 B.R. 730 (Bankr. S.D. Fla. 2005)..............................................................12, 13
*In re Heath*,
    331 B.R. 424 (9th Cir. BAP 2005) ...........................................................................10
*In re Kemmer*,
    315 B.R. 706 (Bankr. E.D. Tenn. 2004) ..................................................................10
*In re Kevin Gleason*,
    Case No. 11-CV-62406-KAM (S.D. Fla. 2012)..................................................1, 2
*In re Layman*,
    131 B.R. 495 (M.D. Fla. 1991)...................................................................................4
*In re Mirabilis Ventures, Inc.*,
    Case No. 6:08-BK-04237-KSJ, 2010 WL 1644915 (M.D. Fla. Apr. 21, 2010) ..................4
*In re Moreno*,
    341 B.R. 813 (Bankr. S.D. Fla. 2006)...............................................................12, 13
*In re Mroz*,
    65 F.3d 1567 (11th Cir. 1995) ........................................................................3, 6, 7, 9
*In re New River Dry Dock, Inc.*,
    Case No.06-13274-JKO (Bankr. S.D. Fla., Dec. 14, 2009)...............................2, 7
*In re Paul Velez & Merle Duplessis*,
    Bankr. Case No. 11-16560-JKO ................................................................................2
*In re Piper Aircraft Corp.*,
    244 F.3d 1289 (11th Cir.2001)....................................................................................4

*In re Pursley*,
    451 B.R. 213 (Bankr. M.D. Ga. 2011)..................................................................................9, 10
*In re Renteria*,
    Case No. 08-12293-JKO (Bankr. S.D. Fla., Mar. 4, 2011)....................................................7
*In re Storick*,
    Case No. 09-28716-JKO (Bankr. S.D. Fla.)...........................................................................7
*In re S & A Dennis Enters.*,
    Case No. 09-32364., 2011 Bankr. LEXIS 1480 (Bankr. W.D.N.C. April 15, 2011).......10, 11
*In re Williamson*,
    15 F.3d 1037 (11th Cir. 1994)................................................................................................3
*McKnight v. General Motors Corp.*,
    511 U.S. 659 (1994)................................................................................................................9
*Munnings v. Fedex Ground Package Systems, Inc.*,
    No. 6:07-cv-282-Orl-19KRS, 2008 WL 1849003 (M.D. Fla. Apr. 22, 2008).......................4
*Thomas v. Tenneco Packaging Co., Inc.*,
    293 F.3d 1306 (11th Cir. 2002)..............................................................................................4

**STATUTES AND RULES**
Fed. R. Civ. P. 11 ...........................................................................................................................6
Fed. R. Bankr. P. 3001........................................................................................................6, 10, 12
Fed. R. Bankr. P. 8013....................................................................................................................3
Fed. R. Bankr. P. 9011............................................................................................................Passim
Fed. R. Bankr. P. 9011 advisory committee's note .......................................................................7
Official Form 10..............................................................................................................................6
S.D. Fla. L.R. 3.8............................................................................................................................1
S.D. Fla. L.R. 87.4(f)....................................................................................................................14
IOP 2.15.00 ....................................................................................................................................1

**SECONDARY AUTHORITY**
18 J. Moore et al., Moore's Federal Practice § 134.02 (3d ed. 2011)..............................................13

**INTRODUCTION**

Mr. Brown files this Reply Brief in order to answer the Brief of Amici Curiae, and to assert supplemental discussion and applicable case law relating to certain legal issues, including the standard of review, and to coordinate the presentation of issues herein with other related appeals and other suspensions originating from this same Bankruptcy Judge. Mr. Brown also requests oral argument.

On January 26, 2012, this Consolidated Appeal, along with other cases from the same Order that is on appeal, were transferred to this Court, pursuant to IOP 2.15.00 and S.D. Fla. L.R. 3.8. This case was then consolidated with *In re Maylene Abad*[1] and *In re Maite Diaz*[2], before this Court, arising from the same attorney sanctions order, related series of events, and suspension, originating from the same Bankruptcy Judge. Also, it appears that *In re Kevin Gleason*, Case No. 11-62406-CIV-MARRA, may be the "previously filed case" referred to, by implication, in the Order of Transfer, as contemplated by IOP 2.15.00. Given the likelihood of consideration of all these cases as "related", and the prospect that *In re Kevin Gleason* may also be considered "related", Mr. Brown addresses or reconsiders issues, herein, that were not address, or were approached differently, in the initial papers in this appeal.

In review of this Court's decision in *In re Kevin Gleason*, Case No. 11-CV-62406-KAM, and the underlying case on the merits, it appears this Court gave great deference to the Bankruptcy

---

[1] The docket in *In re Maylene Abad* reflects that Maylene Abad, Esq., counsel sanctioned in the same Sanctions Order as Mr. Brown, filed her Initial Brief on January 26, 2012.

[2] The docket in *In re Maite Diaz* reflects that Maite Diaz, Esq., counsel sanctioned in the same Sanctions Order as Mr. Brown, has until February 21, 2012, filed her Initial Brief on February 15, 2012.

Court's factual conclusions. Concurrently, the same Bankruptcy Court entered another suspension and opinion in *In re Paul Velez & Merle Duplessis*, Bankr. Case No. 11-16560-JKO, February 10, 2012, where the same bankruptcy judge characterized the proceedings as "evidentiary". In the case of Mr. Brown, the Bankruptcy Court took no testimony.[3] This significantly impacts the standard of review because the "abuse of discretion" standard of review is essentially *de novo* when proceedings below involved applying the law to the facts of record. Focusing on this nuance, it is important to revisit the standard of review in greater detail in light of all of the related decisions in *In re New River Dry Dock*, Case No. 10-62522-CV-KAM, *In re Kevin Gleason*, and *In re Paul Velez & Merle Duplessis*,[4] as well as the companion cases *In re Maylene Abad* and *In re Maite Diaz* herein.

The Bankruptcy Court misapplied the law, which creates the definite and firm conviction that an abuse of discretion has been committed by the Bankruptcy Court on the record in *MacFarland* and *Lewis*. Recently, Bankruptcy practitioners have been objecting to a national pattern of creditor abuse in filing unsupported claims. This is a developing area of the law, where other courts are becoming more strident about requiring creditors to satisfy basic procedural requisites in order to

---

[3] No evidentiary hearing was conduced and there was no evidence whatsoever to rebut Mr. Brown's explanations, so there is no evidence or testimony, in order to support any finding of sanctions by this Bankruptcy Court, other than the written documents. No one was in a better position to know what had and had not been disclosed to Mr. Brown at the time of his Objections, other than Mr. Brown. See Fed. R. Bankr. Proc. 9011(b). Mr. Brown provided an unrebutted explanation. The Bankruptcy Court is not permitted to simply "find" a contrary set of facts.

[4] Recently, the Bankruptcy Court sanctioned Alberto Hernandez, Esq. in *In re Paul Velez & Merle Duplessis* [DE-76 in Bankr. Case No.: 11-16560-JKO]. Although Mr. Hernandez asserts that Florida Statutes chapter 727 were applicable to the objections to Proofs of Claim in his case, they are irrelevant and have no bearing on the assignment of debt from creditor to creditor. However, it is important to know that the Bankruptcy Court continues to suspend attorneys who object to unsupported Proofs of Claim, without affording an evidentiary hearing.

maintain a valid claim. The Bankruptcy Court, below, is out of step with these developments, yet has sought to enforce his edicts with severe sanctions. Based upon the law, there is no legal basis for the imposition of any sanctions, especially suspension from practicing law in the bankruptcy court.

The record in *MacFarland* and *Lewis* lack sufficient evidence to support the Bankruptcy Court's actions and findings in its misapplication of the law regarding (1) objections to unsupported Proofs of Claim as being frivolous and (2) the determination of sanctions. Based on applicable law for objecting to deficient Proofs of Claim and the imposition of sanctions, it was not appropriate and not within the Bankruptcy Court's authority to order these sanctions, when there is no case law, or facts, that clearly establish that Mr. Brown's legal position was "frivolous" or in "bad faith".

## **STANDARD OF REVIEW**

After further review of related briefs and Orders, and the facts and law in this case, it is appropriate to revisit the standard of review in greater depth. In Mr. Brown's case, the appropriate standard is, essentially, *de novo* because the Bankruptcy Court did not hold an evidentiary hearing, and instead the Bankruptcy Court entered Orders based upon the content of the record filings before it. The facts presented by Mr. Brown were unrebutted. No contrary facts were presented, nor can they be inferred. Therefore the Bankruptcy Court's orders are the application of unambiguous facts to the law. Although this Court applies the *abuse of discretion* standard to the Bankruptcy Court's decision to impose sanctions, it reviews the Bankruptcy Court's conclusions of law on a *de novo* basis. Fed. R. Bankr. P. 8013; *In re Mroz*, 65 F.3d 1567, 1571 (11th Cir. 1995); *Georgian Villa, Inc. v. United States* (*In re Georgian Villa, Inc.*), 55 F.3d 1561, 1562 (11th Cir.1995); *In re Williamson*, 15 F.3d 1037, 1038 (11th Cir. 1994); *In re Club Associates*, 956 F.2d 1065, 1069 (11th Cir.1992);

*In re Layman*, 131 B.R. 495, 496 (M.D. Fla. 1991); *In re Carapella*, 115 B.R. 365, 367 (M.D. Fla.1990), aff'd, 925 F.2d 1474 (11th Cir.1991). Under *de novo* review, this Court independently examines the law and draws its own conclusions after applying the law to the facts of the case, without regard to decisions made by a bankruptcy court. *In re Mirabilis Ventures, Inc*., Case No. 6:08-BK-04237-KSJ, 2010 WL 1644915 (M.D. Fla. Apr. 21, 2010), citing to *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1295 (11th Cir. 2001).

Under circumstances where attorney conduct occurred in the court's presence, then, upon review of an order sanctioning the attorney, the reviewing court uses an abuse of discretion standard. *Thomas v. Tenneco Packaging Co., Inc.*, 293 F.3d 1306, 1321 (11th Cir. 2002); *Munnings v. Fedex Ground Package Systems,Inc*., No. 6:07-cv-282-Orl-19KRS, 2008 WL 1849003, at *4 (M.D. Fla. Apr. 22, 2008). However, because the conduct here was filed, written objections and other actions, the Bankruptcy Court did not hold an evidentiary hearing to sanction under Rule 9011, and Mr. Brown's explanations were uncontested and unrebutted, this case involved application of law to written facts of record, and there was no "fact finding". Therefore on this appeal, this Court reviews the Orders *de novo* and reviews the application of law to the record facts, without giving any deference to the Bankruptcy Court's findings.

**SUMMARY OF THE FACTS AND SUPPLEMENTAL ARGUMENT**

The Orders on appeal do not establish sufficient grounds for sanctions pursuant to Rule 9011 [DE-169 in Case No. 11-13345-JKO] and  [DE-166 in Case No. 10–40253-JKO]. Mr. Brown, through zealous advocacy of his clients, asserted appropriate Objections to unsupported Proofs of

Claim.[5] When creditor Claimants provided the appropriate information to support their Proofs of Claim, the Objections were withdrawn.[6] If not, the Objections remained for ruling by the Bankruptcy Court. Instead of entertaining sound legal argument, the Bankruptcy Court, without binding precedent, turned the argument into an ethical attack and ordered extreme sanctions upon erroneous findings of "bad faith" [DE-169 in Case No. 11-13345-JKO] and [DE-166 in Case No. 10–40253-JKO].

Under the facts of *In re Lewis* and *In re MacFarland*, Mr. Brown did not object to every claim, and only to those claims challenged, as most had (allegedly) been assigned without attaching evidence of the transfer. Mr. Brown zealously advocated for his clients, within the bounds of his ethical obligations, on a claim-by-claim basis, in situations where creditors assigned/sold their customer accounts, and the proof of claims by the asserted creditors were filed without any documentation of these assignments/sales. Ms. Rapoport misinterprets, and fails to mention and take into consideration, that the creditors in *In re Lewis* and *In re MacFarland* were on notice of the objection hearing(s), were served with an Order, and had the opportunity to supplement their claims or contact Mr. Brown via e-mail or telephone for an extension or to provide documentation, wherein Mr. Brown would withdraw the objection. See [DE-8, pp. 7, 10, 12]; see also [DE-17-1, pp. 11-12, fn. 23].

---

[5] See [DE-160 at p. 2, paragraph 5] Objections to Claim: [DE-65], [DE-68], [DE-71], [DE-74], [DE-76], [DE-78], [DE-80], [DE-86], [DE-89], [DE-92], [DE-95], [DE-98], [DE-101], [DE-104], [DE-110],[DE-113] and [DE-136] in Case No. 11-13345-JKO. See [DE- 133] in Case No. 10-40253-JKO.

[6] See [DE-119], [DE-120], [DE-121], [DE-122], [DE-123], [DE-126], [DE-149], [DE-160 at p.4, paragraphs 12 and 15], and [DE-181 at 4:6, 21-23] in Case No. 11-13345-JKO. See [DE-154], and [DE-175 at p. 5, lines 14-24] in Case No. 10-40253-JKO.

While the applicable case law is split on the validity of the Objections asserted, the developing facts and law provide strengthening support for Mr. Brown's Objections. In any case, it is clear that his actions were in good faith, and no case law supports an order to show cause or sanctions under these facts. The applicable case law, Fed. R. Bankr. P. 3001, Official Form 10, and a national pattern of creditor abuse in filing unsupported Proofs of Claim, all support Mr. Brown's good faith arguments. The Bankruptcy Court did not have sufficient factual or legal basis to order cause or sanction Mr. Brown under Rule 9011.

## SUPPLEMENTAL ARGUMENT

**I.     THE BANKRUPTCY COURT VIOLATED MR. BROWN'S DUE PROCESS RIGHTS WHEN IT FAILED TO HAVE AN EVIDENTIARY HEARING ON POSSIBLE SANCTIONS**

Under applicable law, a bankruptcy court must afford due process in determining whether the requisite bad faith existed in order to impose sanctions under Rule 9011. *In re Mroz*, 65 F.3d at 1575. This procedure requires that an attorney be given fair notice that such conduct may warrant sanctions, so as not to violate the attorney's due process rights, and provide reasons why. *Id*., citing *Donaldson v. Clark*, 819 F.2d 1551, 1559-60 (11th Cir.1987) (discussing Fed. R. Civ. P. 11 sanctions).

Sanctions under Rule 9011 are warranted when the papers are frivolous, legally unreasonable or without factual foundation, or the pleading is filed in bad faith or for an improper purpose. Fed. R. Bankr. P. 9011.[7] The test to determine whether or not to impose sanctions by a bankruptcy court

---

[7] "The rule is **not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories. The court is expected to avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted**. Thus, what constitutes a reasonable inquiry may depend on such factors as how much time for investigation was available to the signer;

is (1) whether the claim is objectively frivolous in view of the law or facts and, if it is (2) whether the person signing the document should have been aware that it was. *In re Mroz*, 65 F. 3d at 1574. In *In re Mroz*, the Eleventh Circuit Court of Appeals could not determine from the record whether the attorneys discovered at some point, that the factual allegations against Mroz were false, or if they believed them to be true throughout the litigation. *In re Mroz*, 65 F. 3d at 1574. This test to discover the facts known to an attorney can only be conducted when there is an evidentiary hearing. *Id.*

Bankruptcy courts in this Circuit that have previously issued sanctions are cognizant of the seriousness of finding a Fed. R. Bankr. P. 9011 violation and the issuance of sanctions thereof, have held evidentiary hearings prior to the issuance of same, and thereafter explained the sanctions with particularity in its orders. See generally *In re Evergreen Security, Ltd.*, 570 F.3d 1257 (11th Cir. 2009). In fact, this same Bankruptcy Court has held evidentiary hearings before the issuance of sanctions in other cases on its judicial docket. See *In re New River Dry Dock, Inc.*, Case No.06-13274-JKO (Bankr. S.D. Fla., Dec. 14, 2009); *In re Storick*, Case No. 09-28716-JKO (Bankr. S.D. Fla.); and *In re Renteria*, Case No. 08-12293-JKO (Bankr. S.D. Fla., Mar. 4, 2011).

However, in *MacFarland* and *Lewis*, the Bankruptcy Court failed to conduct an evidentiary hearing to determine the circumstances in these cases and consider sanctions pursuant to Rule 9011 at the Show Cause Hearings on October 12th and 26th, 2011. During these hearings and in the subsequent Sanctions Orders [DE-169, in Bankruptcy Case No. 11-13345-JKO] [DE-160, in Bankruptcy Case No. 10–40253], the Bankruptcy Court did not conduct any evidentiary hearing, and

---

whether he had to rely on a client for information as to the facts underlying the pleading, motion, or other paper; whether the pleading, motion, or other paper was based on a plausible view of the law; or whether he depended on forwarding counsel or another member of the bar." Fed. R. Bankr. P. 9011 advisory committee's note (emphasis supplied).

took absolutely no evidence in support of sanctions. No evidence was presented to overcome Mr. Brown's explanations. The Bankruptcy Court made a finding, without supporting evidence or considering applicable law, to conclude that Mr. Brown's Objections were filed in objective bad faith or were frivolous. The Bankruptcy Court failed to address the substantive issues contained in the cases, mainly with regards to lack of documentation, lack of notice of assignment, and lack of standing by the creditors in each case.

As reflected in the Sanctions Orders, the Bankruptcy Court merely reiterated that Mr. Brown's Objections were made without "reasonable inquiry before filing the objections – he made no basic inquiry before filing the objections" in *MacFarland* [DE-169, p. 8, in Bankruptcy Case No. 11-13345-JKO], and that Mr. Brown filed "a meritless claim objection in objective bad faith" in *Lewis* [DE-160, p. 30, in Bankruptcy Case No. 10–40253].

As suggested by Ms. Rapoport in her Amici Brief, Mr. Brown should have explained that his objections were meant as a "a nonfrivolous argument for the extension, modification, or reversal of existing law" [DE-15, p. 12]. However, the Bankruptcy Court did not provide Mr. Brown with this opportunity and made this factual conclusion without conducting an evidentiary hearing, and without the support of applicable law, in the issuance of sanctions in connection with the facts of *MacFarland* and *Lewis*. The Bankruptcy Court relied upon a totally unsupported, and completely rebutted on assertion that (1) his objections were frivolous, and (2) if they were, whether Mr. Brown should have been aware that they were. Moreover, the Bankruptcy Court was without case law or facts that clearly established that Mr. Brown's legal position for these objections were "frivolous" or in "bad faith".

The reputation of Mr. Brown is at stake, and because no evidentiary hearing was conducted, the Bankruptcy Court's Orders are properly quashed by this Court.

## II. APPLICABLE LAW DID NOT SUPPORT A FINDING OF A RULE 9011(B) VIOLATION

The finding of Fed. R. Bankr. P. 9011(b) violations in *MacFarland* and *Lewis* held that Mr. Brown's Objections were not warranted by existing law. However, a legal position is not sanctionable unless case law clearly establishes that the position is frivolous. See *McKnight v. General Motors Corp.*, 511 U.S. 659 (1994); see also Fed. R. Bankr. P. 9011 advisory committee's note. Notwithstanding the Bankruptcy Court's errors by failing to hold an evidentiary hearing and lack of inquiry under *In re Mroz*, the finding of a Fed. R. Bankr. P. 9011(b) violation in this case was impossible due to the fact that applicable law and facts did not establish that Mr. Brown's legal position on these Objections were "frivolous" or in "bad faith".

In a recent case in this Circuit, *In re Pursley*, 451 B.R. 213 (Bankr. M.D. Ga. 2011), the bankruptcy court took the view that when handling noncompliant proofs of claim, the claimant still has the burden of proof and the burden never shifts to the objector. *In re Pursley*, 451 B.R. at 230-31. However, in the Amici Brief, Ms. Rapoport states that "[i]ncomplete proofs of claims increase the amount of work that debtors' attorneys must do to protect their clients' interests. But for proofs of claim involving relatively small amounts, blanket objections based solely on missing documentation put the creditors at a severe disadvantage as well (albeit one of their own making): it may not be cost-effective to respond to the objections." [DE-15, p. 15]. Essentially, Ms. Rapoport is contradicting applicable law on the burden of documentation of debtors' and creditors' counsel, without any support or legal reasoning.

A common theme in cases taking this majority view, perhaps as a reminder to creditors who might abuse the system, is for the court to state that underlying documents must be made available for inspection when a creditor attaches a summary in lieu of original documents. *In re Pursley*, 451 B.R. at 230-31; *see*, *e.g., In re Heath*, 331 B.R. 424, 436 (9th Cir. BAP 2005) ("[C]reditors have an obligation to respond to formal or informal requests for information.... This obligation to respond applies regardless whether Creditors have met their obligation to provide a summary under Rule 3001(c)."); *In re Kemmer*, 315 B.R. 706, 715 (Bankr. E.D. Tenn. 2004) ("The presentation of a summary ... does not relieve the creditor of the responsibility to produce the actual documentation, irrespective of the volume thereof, if requested by the debtor or Chapter 13 Trustee.").

A North Carolina bankruptcy court was faced with a similar situation regarding unsupported Proofs of Claim filings and the determination of sanctions, but upon creditors.[8] See *In re S & A Dennis Enters.*, Case No. 09-32364, 2011 Bankr. LEXIS 1480 (Bankr. W.D.N.C. April 15, 2011). In *In re S & A Dennis Enters.*, the bankruptcy court had to determine whether or not sanctions should be imposed upon a claimant who made a practice of filing deficient claims. In this case, the bankruptcy court reflected upon the increasing number of consumer creditors who made a practice of providing minimal information in their original claims. *In re S & A Dennis Enters.*, 2011 Bankr. LEXIS 1480 at *9. This court specifically noted that "claimants typically provide additional account information only after a written inquiry is posed and sometimes only after a claim objection is filed. This practice increases the claimants' profits, in that it often avoids the costs of producing the

---

[8] *In re S & A Dennis Enters.* did not address the sanctions issue since the case was not ripe for such relief.

supporting documentation." *Id.*[9] The North Carolina bankruptcy court addressed the "predictable negative effects on the administration of bankruptcy cases... [this] uncontrolled practice of filing claims with minimal or no review is the new development that presents a challenge for the bankruptcy system." *Id.* at *22, citing to *In re Falwell*, 434 B.R. 779, 786 (Bankr. W.D. Va. 2009).

Under the applicable law, bankruptcy courts across the nation have been taking notice to the issue of filing unsupported Proofs of Claim. These bankruptcy courts are explicit in their inquiry to sanction <u>creditors</u> for filing unsupported Proofs of Claims, and <u>not debtor's counsel</u> for objecting to deficient Proofs of Claim, especially when counsel withdraws the objection when receiving sufficient documentation to support these Proofs of Claim. Poorly documented claims in bankruptcy

---

[9] The North Carolina bankruptcy court went on to state that:

> "recent developments in credit card finance have put a great deal of pressure on the bankruptcy system. The days when most lenders issued credit and collected their own accounts are long gone. Credit card debt is now a financial commodity with these liabilities sold and often resold in bulk. Even those credit card companies which retain their accounts routinely administer them through third-party servicers and employ collection agents (often several agents for the same accounts) to collect those accounts. Such assignments, whether for collection or absolute sale, are facilitated by portable electronic account records. When credit card accounts are assigned, the underlying written account documents (e.g., the signed card agreements) are not usually transferred and may well have been destroyed. **Indeed, one excuse credit card claimants give for not attaching source documents to their claims is that they simply do not possess them; even the account statements sent to the debtor just before bankruptcy are often said to be unavailable**. Memorandum from Hon. Laura Taylor Swain, Chair of Advisory Committee on Bankruptcy Rules, to Hon. Lee H. Rosenthal, Chair of Standing Committee on Rules of Practice and Procedure (May 27, 2010)."

See *In re S & A Dennis Enters.*, 2011 Bankr. LEXIS 1480 at *20-21 (emphasis supplied).

cases have become such a widespread problem and the Judicial Conference has weighed in on the matter to clarify law.[10]

In the Amici Brief, Ms. Rapoport states that "[s]hort of filing a full-blown objection, they could simply have contacted the creditors (or, if the creditors were represented by counsel, then the creditors' lawyers) to notify them of any problems with the proofs of claim and asked them to amend the proofs of claim." [DE-15, p. 10]. In *MacFarland* and *Lewis*, Mr. Brown objected to unsupported Proofs of Claim, in accordance with other cases around the nation, to halt creditor abuse. Mr. Brown and the other six attorneys subject to the same Sanctions Order,[11] have regularly objected to these exact types of deficient filings. Upon the submission of supporting documents for the Proofs of Claim, and in good faith, Mr. Brown withdrew the objections,[12] in accordance with the opinion of Ms. Rapoport in the Amici Brief. As such, Mr. Brown's actions in objecting to unsupported Proofs of Claim are supported by applicable law and the Federal Rules of Bankruptcy Procedure.

In the Amici Brief, Ms. Rapoport mentions cases in the United States Bankruptcy Court for the Southern District of Florida, Miami Division, "warning debtors' counsel about objecting to otherwise valid claims on the grounds of improper documentation" [DE-15, p. 11]. *See, e.g., In re Moreno*, 341 B.R. 813 (Bankr. S.D. Fla. 2006); *In re Felipe*, 319 B.R. 730, 735 n.3 (Bankr. S.D. Fla.

---

[10] Fed. R. Bankr. P. 3001 was clarified, as of December 1, 2011, by the Advisory Committee on Bankruptcy Rules, Standing Committee on Rules of Practice and Procedure, Judicial Conference, Supreme Court, and Congress.

[11] The six other attorneys are Maite L. Diaz, Esq., Jeffrey H. Tromberg, Esq., Rafael Gonzalez, Esq., Lloyd A. Baron, Esq., Roslyn C. Lewin, Esq., and Maylene C. Abad, Esq.

[12] See [DE-119], [DE-120], [DE-121], [DE-122], [DE-123], [DE-126], [DE-149], [DE-160 at p.4, paragraphs 12 and 15], and [DE-181 at 4:6, 21-23] in Case No. 11-13345-JKO. See [DE-154], and [DE-175 at p. 5, lines 14-24] in Case No. 10-40253-JKO.

2005). However, there was never any order stating that such Objections to insufficient Proofs of Claims were (1) frivolous, legally unreasonable or without factual foundation, or (2) filed in bad faith or for an improper purpose, to impose sanctions under Fed. R. Bankr. P. 9011. See Fed. R. Bankr. P. 9011. Since Judge Mark issued these decisions, *supra*, the "prevailing view of consumer creditors has dramatically changed during the past five years" [DE-8, pp. 22-24]. Additionally, "[a] decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." *Camreta v. Greene*, 131 S. Ct. 2020, 2033 n.7 (U.S. 2011) (citing 18 J. Moore et al., Moore's Federal Practice § 134.02[1][d], p. 134-26 (3d ed. 2011)); see *Fishman & Tobin, Inc. v. Tropical Shipping & Constr. Co.*, 240 F.3d 956, 965 (11th Cir. 2001) (district courts owe obedience only to decisions of higher courts, not to decisions of other district courts)(citing *Fox v. Acadia State Bank*, 937 F.2d 1566, 1570 (11th Cir. 1991)("A district court is not bound by another district court's decision, or even an opinion by another judge of the same district court. . ."). Thus, Ms. Rapoport's argument that "it would be disingenuous for Appellant to contend that he was unaware of this jurisdiction's views on the matter" [DE-15, p. 11], is just another ad hominem attack on Mr. Brown without sufficient support.

Based upon the applicable law of deficient Proofs of Claim and the imposition of sanctions, it was not appropriate and not within the Bankruptcy Court's authority to order these sanctions, when there is no case law, or facts, that clearly establish that Mr. Brown's legal position was "frivolous" or in "bad faith". Therefore, the Bankruptcy Court's Orders are properly quashed by this Court.

## CONCLUSION

No applicable facts or law support any sanction against Mr. Brown for objecting to unsupported Proofs of Claim. In ordering a suspension of Mr. Brown, the Bankruptcy Court

misapplied of the law regarding the (1) objections to unsupported Proofs of Claim as being frivolous and (2) the determination of sanctions.  The record in *MacFarland* and *Lewis* lack sufficient evidence to support the Bankruptcy Court's actions and findings, Mr. Brown was not afforded an evidentiary hearing and the Bankruptcy Court's Order is supported by no evidence and testimony whatsoever.  Neither the cited law nor the record facts considered in *MacFarland* and *Lewis*, support any sanction, and therefore the orders on appeal are properly quashed by this Court.

### REQUEST FOR ORAL ARGUMENT

Pursuant to S.D. Fla. L.R. 87.4(f), Mr. Brown requests that this Court grant oral argument.

Respectfully submitted,

By: /s/ Douglas C. Broeker
**Douglas C. Broeker, Esquire**
Florida Bar No. 306738
Doug@broekerlaw.com
SWEETAPPLE, BROEKER & VARKAS, P.L.
777 Brickell Avenue, Suite 600
Miami, Florida 33131
Tel.:  (305) 374-5623
Fax.:  (305) 358-1023
Counsel for Appellant

### CERTIFICATE OF COMPLIANCE

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

By: **s/ Douglas C. Broeker**
Douglas C. Broeker, Esquire
Florida Bar No. 306738

## CERTIFICATE OF SERVICE

      **I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed via electronic filing using the CM/ECF system with the Clerk of the Court which sent e-mail notification of such filing to all CM/ECF participants in this case on this **6th** day of June, 2012.

                                          By:    /s/ Douglas C. Broeker
                                                    **Douglas C. Broeker, Esquire**
                                                      Florida Bar No. 306738
                                                      Doug@broekerlaw.com