IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 12-CV-60016-KAM (Consolidated Case)
(Associated Case 12-cv-60033)

---

MAYLENE ABAD AND HECTOR DE PENA,

Appellant/Debtor,

vs.

PORTFOLIO RECOVERY ASSOCIATES, LLC
AND CANDICA, LLC

Appellee/Creditor.

---

APPEAL FROM THE UNTED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Case no. 11-14554-JKO

---

AMENDED
REPLY BRIEF OF APPELLANTS MAYLENE ABAD AND HECTOR DE PENA

---

MAYLENE ABAD, ESQ.
Florida Bar No. 054399
4770 Hollywood Boulevard
Hollywood, Florida 33021
Tel: (954) 744-6357
Email: may6995@aol.com
*Pro Se and* Attorney for Appellant
Hector De Pena

1

## **TABLE OF CONTENTS**

TABLE OF CONTENTS………………………………………………………………..2

TABLE OF AUTHORITIES………………………………………………………….3

INTRODUCTION…………………… …………………………………………..4

SUMMARY OF THE FACTS  .......................………………………………………….4

REPLY ARGUMENT………………..…………………………………………….6

    I.     THE BANKRUPTCY COURT ERRED IN ENTERING THE SANCTIONS ORDER WHERE APPELLANT FILED OBJECTIONS TO CLAIMS THAT LACKED PROPER DOCUMENTATION AND THE FEDERAL RULES OF BANKRUPTCY PROCEDURE PROVIDE FOR THE FILING OF SAME

    II.    THE BANKRUPTCY COURT ERRED IN HOLDING THAT THE FILING OF AN OBJECTION TO CLAIM BASED ON LACK OF DOCUMENTATION AMOUNTS TO A VIOLATION OF RULE 9011(b) WHERE THERE WAS NO EVIDENTIARY HEARING AND THERE WAS NO CONTROLLING PRECEDENT

CONCLUSION……………………………………………………………………..9

CERTIFICATE OF COMPLIANCE……………………………………………………11

CERTIFICATE OF SERVICE……………………………………………………...11

## **TABLE OF AUTHORITIES**

**CASES**

*In re Moreno*, 341 B.R. 813 (Bankr. S.D. Fla. 2006)…………..……………7, 9
*In re Mroz.* 65 F.3d 1567, 1571 (11th Cir. 1995)……………………………..9
*In re Orozco*, Case No. 09-34626-RAM (Bankr. S.D. Fla. July 20, 2011)…..7

**STATUTES AND RULES**

Fed. R. Bankr. P. 9011……………………………………............................4, 8, 10
Fed. R. Bankr. P. 3007……………………………………………...............7

## INTRODUCTION

Ms. Abad and Hector De Pena (Appellants) file this Reply Brief in order to answer the Brief of Amici Curiae. Ms. Abad and Mr. De Pena filed their Initial Brief on January 26, 2012. Thereafter, an Ex Parte Motion for Leave to File Brief as Amici Curiae was filed [DE 17]. On April 12, 2012, this Court consolidated *In re Maylene Abad and Hector De Pena,* 12-cv-60033-KAM appeal from *In re De Pena,* Bankruptcy Case No. 11-14554-JKO. [DE 19]. On May 24, 2012, this Court entered an Order granting Amici Curiae's Ex Parte Motion for Leave to file Reply Brief. As of today's date, no brief has been filed, however, the original motion contained the proposed brief as an exhibit. On June 11, 2012, this Court entered an order allowing Ms. Abad and Mr. De Pena, appellants, to file a reply brief [DE 26].

The Orders on appeal do not establish sufficient grounds for sanctions pursuant to Rule 9011 nor for the overruling of the objections. Ms. Abad's filing of objections to claim on behalf of Mr. De Pena (the debtor) were in good faith and no case law supports the finding of a violation of Rule 9011 much less the sanction of suspension under these facts. The Bankruptcy Court abused its discretion in sanctioning Ms. Abad under Rule 9011. The sanction of suspension was totally unwarranted. It had no sufficient factual or legal basis to sanction Ms. Abad under Rule 9011. Similarly, it had no sufficient factual or legal basis to overrule Debtor's objections. The Order Sanctioning Attorneys with regards to Maylene Abad, Esq. must be reversed and quashed by this Court and the Order Overruling Debtor's Objections must be reversed.

## SUMMARY OF THE FACTS

The brief filed by Nancy B. Rapoport and George Castrataro as Amici Curiae states that the "scenarios in all of the cases…are the same" [DE 15 at p.5]. There are not. The Bankruptcy

Court's Order to Show Cause [DE-2 #4 p. 18 in Case No. 12-cv-60033] lumped many different objections to claims from different attorneys into one order.[1]  Specifically, with regards to Ms. Abad, the Bankruptcy Court failed to inform counsel with particularity what conduct would subject her to sanctions pursuant to Rule 9011.  The Order to Show Cause [DE-2 #4 p.18 in Case No. 12-cv-60033] and subsequent Order Sanctioning Attorneys [DE-2 #5 pp. 40-79 in Case 12-cv-60033] only state the basis for the objections were "lack of documentation" [See specifically DE-2 #5 p. 19 in Case No. 12-cv-60033].   In addition to objecting on the basis of the lack of documentation, Ms. Abad also objected on the basis of the failure of the creditors to demonstrate a chain of assignment of the debt from the original creditor, lack of notice of the assignment, and lack of standing.  [DE-2 #4 pp. 9-10 in Case No. 12-cv-60033].

   Moreover, at the hearing on the Order to Show Cause of October 12, 2011 [DE-2 #5 pp. 81-90 in Case No. 12-cv-60033], the Bankruptcy Court heard argument of both Ms. Abad and Robin Weiner, Standing Chapter 13 Trustee (the creditors did not appear at the hearing nor any of the hearings held in this cause) and issued a bench ruling discharging the Order to Show Cause [See Transcript of Hearing at 12-cv-60033, DE-2 #5 pp. 81-90].  Ms. Abad was instructed to upload an order conforming same and she complied, however an Order Continuing the Order to Show Cause hearing was entered on October 18, 2011 [DE-2 #5 pp. 32-34 in Case No. 12-cv-60033]. This Order did not mention that it was considering sanctioning Ms. Abad, it stated that the "October 12th hearings were in the midst of a packed courtroom on a regular Chapter 13 day, and scheduling pressures hampered oral argument." [DE-2 #5 pp. 32-34 in Case No. 12-cv-60033]. (The transcript in this cause of the October 12th hearing does not indicate that oral argument was

---

[1] The basis for objection to claims *In re Maite L.Diaz, 12-cv-60016-KAM, Bankruptcy Case In re Hurtado, Case No. 10-49589*, was solely for lack of documentation, *In re David Marshall Brown, 12-cv-60016-KAM, Bankruptcy Case In re Macfarland*, was also lack of documentation.

5

hampered in anyway and it was the Bankruptcy Court that initially scheduled all of these hearings relating to this matter as opposed to counsel setting the matter on using the self-calendaring option via the electronic filing system).  The Order stated that "the court will enter a common final sanctions order in all of the matters rather than entertain separate proposed orders submitted by counsel" [DE-2 #5 pp. 32-34 in Case No. 12-cv-60033].

At the October 26, 2011 hearing, the Bankruptcy Court only inquired as to matters regarding the debtor's schedules and the proofs of claims filed.  [DE-2 #5 pp. 91-101 in Case No. 12-cv-60033].  Again in attendance were Ms. Abad and Robin Weiner, Standing Chapter 13 Trustee. [2]  No creditors appeared at this hearing either.

The only common fact in all of the cases at issue here is that the Bankruptcy Court failed to conduct evidentiary hearings to determine the circumstances in these cases and conduct an appropriate inquiry prior to the issuance of sanctions.

## REPLY ARGUMENT

### I. THE BANKRUPTCY COURT ERRED IN ENTERING THE SANCTIONS ORDER WHERE APPELLANT FILED OBJECTIONS TO CLAIMS THAT LACKED PROPER DOCUMENTATION AND THE FEDERAL RULES OF BANKRUPTCY PROCEDURE PROVIDE FOR THE FILING OF SAME

The brief filed by Amici Curiae suggests that the proper procedure when dealing with a deficient proof of claim is to "simply have contacted the creditors (or, if the creditors were represented by counsel, then the creditors' lawyers) to notify them of any problems with the proofs of claim and asked them to amend the proofs of claim." [DE 15 p.13].  Amici Curiae fails to cite any rule for the proposition of same.  This is due to the fact that there is no rule that

---

[2] See generally transcripts at 12-cv-60033, DE-2 #5 pp. 81- 101 where Ms. Weiner's opined on the matter.

6

requires this type of contact prior to the filing of an objection. This suggestion is rather odd because in the same brief, Amici Curiae acknowledges that "FED. R. BANKR. P. 3007 governs objections to claims, requiring them to be in writing, filed with the court, and served on the creditor." [DE 15 p.11 footnote 20]. There is no provision in that rule that provides for the procedure as suggested by Amici Curiae in their brief.

Amici Curiae's brief also suggest that it was improper to only object to "those portions of claims with which their clients' records disagreed, rather than moving to strike the claims in their entirety" [DE 15 p. 13]. This ignores the facts in Mr. De Pena's case where the issue was not addressing the amount of the claim but the entity that filed the claim. The same judge that ruled on the matter of *In re Moreno,* 341 B.R. 813 (Bankr. S.D. Fla. 2006) (which Amici Curiae uses as support for its position) also ruled on the issue of standing in the matter of *In re Orozco,* Case No. 09-34626-RAM (Bankr. S.D. Fla. July 20, 2011)*,* and held "if the claimant states in the proof of claim that it is the owner of the claim, that statement is sufficient unless a prior proof of claim was filed for the same debt **or the debtor has a good faith basis to believe that the claimant is not the owner or assignee of the debt.** *In re Orozco,* Case No.09-34626-RAM at page 2. Amici Curiae's brief fails to address the issue of standing.

Furthermore, Amici Curiae's brief does not cite one written opinion addressing the issues discussed decided by the Ft. Lauderdale division. That is because at the time of the entry of the Bankruptcy Court's Order to Show Cause there was no binding precedent from this Court nor the Eleventh Circuit Court of Appeals that would bar the filing of the objections in this case. There were however many instances where the Bankruptcy Court in the Ft. Lauderdale division sustained similar objections. (See Appellants' Initial Brief at DE 14 p.16 in Case No. 12-cv-60033). The only decisions existing at the time of the show cause orders consisted of written

7

opinions from the Miami Division of the Bankruptcy Court by Judge Robert A. Mark.

The issue of what documentation is sufficient in order for a creditor to withstand a filed objection to claim is a developing area of the law, where other courts are becoming more stringent about requiring creditors to satisfy basic procedural requisites in order to maintain a valid claim. The Bankruptcy Court had no legal basis for the imposition of sanctions in this matter. Based on applicable rules, the absence of a binding opinion on the matter, and that the same Bankruptcy Court had sustained similar objections, it was not appropriate and not within the Bankruptcy Court's authority to find that Ms. Abad's legal position was "frivolous" or in "bad faith".

**II. THE BANKRUPTCY COURT ERRED IN HOLDING THAT THE FILING OF AN OBJECTION TO CLAIM BASED ON LACK OF DOCUMENTATION AMOUNTS TO A VIOLATION OF RULE 9011(b) WHERE THERE WAS NO EVIDENTIARY HEARING AND THERE WAS NO CONTROLLING PRECEDENT WITH REGARDS TO OBJECTIONS FILED BASED ON LACK OF DOCUMENTATION**

Amici Curiae's brief suggests that debtors' counsel should have known that the three opinions by Judge Robert A. Mark sitting in the Miami Division were binding upon the entire jurisdiction on the issue of the filing of these objections. [DE 15 pp. 14-15]. The brief fails to note that the judge that issued the sanctions order had been sustaining similar objections prior to the filing of the Order to Show Cause issued in this matter. [DE 14 p. 16 in Case No. 12-cv-60033] Therefore, it is evident that Judge John K. Olson did not share in Judge Mark's opinion on the matter.

In support for the proposition that debtor's counsel should have known better, Amici Curiae's brief cites a portion of Judge Mark's opinion in *Moreno*. [DE 15 p. 15]. The Court's position is that it is improper to file objections just based solely for lack of documentation. As explained previously, the claim objections filed in this case were not solely for lack of documentation.

Amici Curiae's brief seems to condone the actions of the Bankruptcy Court in issuing the sanctions in this case despite the standard set forth *In re Mroz,* 65 F. 3d 1567 (11th Cir. 1995) ("*Mroz*"). *Mroz* is binding precedent in this district. Specifically, the Bankruptcy Court erred by failing to inquire into what facts and law were known or available to the attorney at the time of filing of the objections. If it would have applied the test set forth in Mroz, it would have determined that at the time of the filing of the objections, there was no binding precedent that would bar the filing of such objections. Quite the contrary, if such an inquiry was made it would have been discovered that the Bankruptcy Court contemplating the imposition of sanctions was sustaining the same objections just months earlier.

The Bankruptcy Court's Order Sanctioning Attorneys with regards to Ms. Abad is a clear abuse of discretion especially when considering that the Bankruptcy Court failed to address all of the basis of the objections, the Court had discharged it in the first instance, failed to sign the order and inexplicably continued the matter, failed to conduct an inquiry pursuant to the *Mroz* standard, signed similar orders sustaining objections filed by other attorneys, and then entered an order of suspension for thirty one days.

## **CONCLUSION**

The Amici Curiae brief filed attempts to set forth an argument supporting the sanctions issued in this Consolidated Appeal, however provides no applicable facts or law for support of same. The brief is devoid of any controlling precedent that would have barred the filing of these objections. Furthermore, it sets forth propositions for the remedy of deficient proofs of claims without any support based on the rules or the law whatsoever.

The record in *In re De Pena* lacks sufficient evidence to support the Bankruptcy Court's

actions and findings. Specfically, the Bankruptcy Court erred in entering an Order to Show Cause and Order Sanctioning Attorneys with regards to Maylene Abad, Esq. in that it violated Ms. Abad's due process rights in its failure to conduct any inquiry pursuant to the standard as set forth in *Mroz* and entered the sanctions order notwithstanding that the same Bankruptcy Court had entered prior orders consistently in other cases sustaining similar and sometimes identical objections to claims. The Bankruptcy Court's sudden departure in its position with regard to what constitutes valid objections to deficient claims filed by creditors robbed Ms. Abad's due process rights in that it did not provide proper notice of its position on the matter. Furthermore, the finding by the Bankruptcy Court that the objections filed by Ms. Abad was a violation of Rule 9011(b) is impossible given that at the time of the filing of these objections there was no binding authority that would bar the filing of same.

Similarily, the debtor in this case was denied due process as the Bankruptcy Court did not take any testimony nor admit any evidence with regards to these proofs of claims notwithstanding Ms. Abad's arguments at both preliminary hearings as to the existence of a good faith basis to believe that these creditors do not own the debts they are trying to collect. Ms. Abad attempted to show that should these proofs of claims be allowed to stand in the debtor's bankruptcy case, it may result in the payment of claims to the wrong entities, payment of a claim that might have already been paid and the payment of a claim where the creditor would never be able to enforce pursuant to Florida law.

Consequently, the Order to Show Cause and Order Sanctioning Attorneys with respect to Maylene Abad must be reversed and quashed by this Court and the Order Overruling Debtor's Objections to Claims must be reversed for the reasons set forth herein.

Respectfully submitted,

By: /s/Maylene Abad
Maylene Abad, Esq.
Florida Bar No.: 054399
May6995@aol.com
4770 Hollywood Boulevard
Hollywood, Florida 33021
Telephone: (954) 744-6357
Counsel for Appellant, Hector De Pena
 and *pro se*

## **CERTIFICATE OF COMPLIANCE**

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

By: /s/Maylene Abad
Maylene Abad, Esq.
Florida Bar No.: 054399

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed via electronic filing using the CM/ECF system with the Clerk of the Court which sent e-mail notification of such filing to all CM/ECF participants in this case on this 22nd day of June, 2012.

By: /s/Maylene Abad
Maylene Abad, Esq.
Florida Bar No.: 054399